Carol J. RAMBEL, Plaintiff and Appellee,

v.

Marvin O. RAMBEL, Defendant and Appellant.

Civ. No. 9235.

Supreme Court of North Dakota.

Jan. 3, 1977.

Ella Van Berkom, Minot, for defendant and appellant.

VOGEL, Justice.

This is an appeal by Marvin Rambel from a judgment granting a divorce to Carol Rambel, and from the property division and alimony award included in that judgment.

The parties were married in 1960. Since their marriage, they have supported themselves by farming and by her part-time work as a nurse's aide. Five children were born to the couple during their marriage, their ages ranging from three years to sixteen years.

The wife sued for divorce in 1975, and the husband counterclaimed for divorce in his answer. Both asked for custody of the children and a property division.

The lower court granted the divorce to the wife on the ground of irreconcilable differences. She was awarded custody of the eldest and the two youngest children. The husband was awarded custody of the other two children.

The property division resulted in a fifty-fifty split of the couple's net assets. In addition, the husband was ordered to pay alimony for thirteen months at $200 a month to enable the wife to attend school, and child support in the amount of $85 a month for each of the three children residing with her.

The division of property resulted in the husband's retaining the farmland and buildings, plus all but one of the family's vehicles, in order to continue his farming business. The wife was awarded the residence and all its contents, one car, and the sum of $21,081.63, with interest at six percent, to be paid by the husband in five annual installments. Each received a one-half interest in the minerals owned by them in the farmland. Under this distribution, each party received about one-half of the net assets of the family.

The husband presents three issues to the court on this appeal:

1. He contends that he should have been granted the divorce on the ground of ex-

Harry M. Pippin, of Bjella & Jestrab, Williston, for plaintiff and appellee.

treme cruelty, rather than her being granted the divorce on the ground of irreconcilable differences.

2. He contends that the evidence shows that he is not financially able to pay alimony and child support.

3. He contends that the property division is clearly erroneous.

For purposes of discussion, we will consolidate the second and third issues, since they both concern the financial situation of the parties in this case.

■ The questions raised by the appeal turn upon the evidence produced at trial and the trial judge's perception of that evidence. The trial judge has made findings of fact based on that evidence. Our determination of each issue, then, is controlled by Rule 52(a), N.D.R.Civ.P., defining the scope of appellate review of the trial court's findings of fact. As such, these fact determinations made by the trial judge cannot be set aside on appeal unless they are clearly erroneous: property division as finding of fact [*Scheid v. Scheid*, 239 N.W.2d 833 (N.D.1976)]; and irreconcilable differences, child support, and division of property as findings of fact [*Larson v. Larson*, 234 N.W.2d 861 (N.D.1975)]. We hold that the lower court's findings were not clearly erroneous, and we affirm the judgment.

■ This court will not hold that a lower court's finding of fact was clearly erroneous unless we have a definite and firm conviction that a mistake has been made. *Scheid v. Scheid, supra; Hegge v. Hegge*, 236 N.W.2d 910 (N.D.1975). On the record before us, we are not convinced that a mistake has been made in this case.

When the trial judge made his determination as to property division, alimony, and child support, he had before him evidence of the earning power of each of the parties, their financial status, the total financial assets of the family, and each party's ability to pay child support after divorce. The husband's business is left intact. The wife, as the dislocated party in the breakup of the marriage, was awarded temporary alimony for a fixed period to enable her to train for a profession in order to support her part of the family in the future.

■ In addition, the trial court found that the husband was financially able to pay child support, while the wife was not. We cannot quarrel with the trial court's findings here, in light of its determination of the other financial issues. The family assets were divided equally between the parties. The property-division statute of this State requires *equitable division* of the property. Sec. 14–05–24, N.D.C.C. While equal division is not required in order that a property division comply with the statute [*Grant v. Grant*, 226 N.W.2d 358 (N.D. 1975)], equal division certainly is not inequitable per se.

■ Although there may be some evidence in conflict with the trial court's findings, we hold that there is substantial competent evidence to support those findings. Our review of the entire record does not leave us convinced that the trial judge was mistaken in his perception of the facts. We will not substitute our judgment for that of the trial court.

In this case, as in many others, the property is such as to be not easily divisible. Where the major asset of a married couple is a farm, for example, division of the farm may result in two uneconomic units instead of one family-size farm. To avoid such a result, it may be necessary to provide that all of the farm shall go to one spouse, who then must either encumber it in order to pay the money equivalent of half the value to the other spouse or else assume the obligation of making the equivalent payment in installments. When this is done, the spouse to whom the land is granted takes a pessimistic view of his ability to repay the loan or make the installment payments, assuming the worst as to future prices of the farm products, while the spouse to whom the money award is made typically projects inflation of land values and increases in the cost of living into the future, and feels cheated. Since none of us can predict the future with assurance, we will not find error where the court has done the best it can and we could do no better.

We come now to the husband's contention that he, and not the wife, should have been granted the divorce. She asked for a divorce on the ground of irreconcilable differences, and he answered by asking for a divorce on the ground of extreme cruelty. As with the financial issues discussed above, this issue is also to be dealt with on appeal as a finding of fact. *Larson v. Larson, supra.* As such, we will not overturn the trial court unless we determine that its finding is clearly erroneous. *Larson v. Larson, supra.* In the instant case, we do not believe that the trial court's finding is clearly erroneous. The record shows that the trial judge halted the testimony at a point where he was convinced that both parties wanted a divorce. Both parties asked for a divorce in the pleadings, and both testified as to their marital problems. The trial judge carried the testimony no farther than was necessary to find irreconcilable differences, seeing no need to get into the "distasteful history," as he put it. We feel that there was substantial competent evidence to support a finding of irreconcilable differences, and nothing more is required.

The husband's reasons for appealing this particular finding are not clear. He did not contend on appeal that the granting of the divorce to the wife was in any way connected to the ultimate property division or that, had he been granted the divorce, the property division might be different. Since he was asking for a divorce on a "fault" ground (extreme cruelty) and she was granted a divorce on a "no fault" ground (irreconcilable differences), such a contention by him might have raised the issue of whether *fault* should be considered in the division of property. The husband did not brief or argue this point and did not specify any prejudicial effect of his not being granted the divorce. Since no prejudice is shown, we need not further discuss the question here.

The judgment is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.