Carol A. **KOSTELECKY,** Plaintiff and Appellee,

v.

Dale J. **KOSTELECKY,** Defendant and Appellant.

Civ. No. 9281.

Supreme Court of North Dakota.

Feb. 24, 1977.

William R. Mills, Bismarck, for defendant and appellant.

Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee; argued by Bruce B. Bair, Jr., Mandan.

SAND, Justice.

Issues regarding property settlement and support payments are raised in this appeal from a judgment of divorce in the Morton County district court.

Dale Kostelecky and Carol Kostelecky were married on September 2, 1967, and had two children during their marriage, Scott, age 7, and Tonee Ann, age 2. On January 30, 1976, Carol Kostelecky commenced an action for divorce against her husband on grounds of irreconcilable differences. An interim order was issued on February 2, 1976, granting temporary custody of the children to their mother and requiring the defendant, Dale Kostelecky, to make certain payments, including temporary support and attorney's fees, and to show cause why possession of the family home should not be granted to Carol Kostelecky. The terms of the interim order are not contested on this appeal.

After the uncontested divorce trial in July of 1976, custody of the children was awarded to the wife, and liberal visitation rights given to the husband, who was also found to be a fit parent. Support payments to be made by the husband were set at $150.00 per month per child. The wife was awarded possession of the family home until the youngest child reached 18 or unless both parties agreed to a sale of the home prior to that time. Ownership of the home

was awarded one-half to each party, and each was required to contribute one-half toward the monthly mortgage payment.

From the division of the remaining property the wife received $3,207.00 worth, and assumed debts of $220.00. Her net award after deduction of attorney's fees was $2,587.00. The husband received property worth $7,786.00, and assumed a debt of $5,883.00, which in large part involved a mortgage on items of personal property awarded to him, among them a camper pickup, garden tractor, snowmobile, and two camper toppers. His net award was $1,903.00, $680.00 less than that awarded to the wife.

The husband is employed as a plumber with a net income of approximately $800.00 per month. Early in the marriage the wife had worked for Northwestern Bell, and later worked at a uniform shop. At the time of trial she was working part-time at a day care center earning approximately $100.00 per month. The couple differed in their estimates of the value of their home, on which there was a mortgage of close to $12,000.00. Their estimates ranged from $25,000.00 to $32,000.00.

The principal issues raised by the husband on this appeal are the portion of his income required to meet his obligations under the divorce decree, and the disposition of the house. He argues that after making the required monthly payments he is left with only $192.00 per month to live on out of his $800.00 per month income, and that the payment requirement by the trial court is clearly erroneous. He contends that a fair and equitable disposition would be to sell the home, pay off the debts, and divide the remaining proceeds. He would then be required to continue to pay child support only. If these were insufficient for the wife and children, he suggests that some other source, such as Aid to Families with Dependent Children, be used to supplement their income. The disposition made by the trial court, he argues, fails to take into account his needs, in addition to those of the wife and children.

The trial court's determination on matters of child support and property division are treated as findings of fact. *Rambel v. Rambel*, 248 N.W.2d 856 (N.D.1977); *Larson v. Larson*, 234 N.W.2d 861 (N.D. 1975). Our scope of review on appeal of these findings is therefore limited by Rule 52(a), North Dakota Rules of Civil Procedure, and we cannot set aside those findings unless they are clearly erroneous. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Rambel*, *supra*; *Scheid v. Scheid*, 239 N.W.2d 833 (N.D.1976).

There is no clear rule by which division of property is to be made in a divorce case, and the determination of what is an equitable division lies within the discretion of the trial court. *Schumacher v. Schumacher*, 242 N.W.2d 136 (N.D.1976). *Johnson v. Johnson*, 211 N.W.2d 759 (N.D.1973). After reviewing the record, we are not left with a definite and firm conviction that a mistake has been made, and must conclude that the distribution made by the trial court was not clearly erroneous.

It was within the trial court's discretion to award possession of the family home in this case to the wife. She was given custody of the children, for whom the stability of remaining in a familiar home may be important. In addition, by contributing one-half of the mortgage payment each month the wife is able to provide adequate housing for her children at a cost of about $65.00 per month. Other housing at this price would be difficult to find if the present home were sold and the proceeds divided.

Although the husband is correct in stating that his interest in the home may be tied up for as long as 15 years, the fact remains that retaining the home is of benefit to him as well. In *Larson v. Larson*, 234 N.W.2d 861 (N.D.1975), where we dealt with a similar issue, this Court pointed out that where both parties share in ownership of the home and contribute toward monthly

payments, their equity increases with every payment. Here the couple's only substantial asset is their home, and when it is finally sold the husband should realize a good return on his investment. Until that time, the primary concern is that the children are provided with adequate yet economical housing along with some semblance of stability.

Disposition of the remaining property and payment of expenses points out the basic problem that this case shares with so many others. There is simply not enough money to go around. A family that is not financially well off when living together may find it difficult indeed to live apart on the same income. As the Iowa Supreme Court stated in *White v. White*, 251 Iowa 440, 101 N.W.2d 18, 20 (1960):

"The situation is one all too familiar to courts that must deal with problems . . . arising in divorce cases. A divorce does not, ipso facto, increase the total family income, while it inevitably adds to the expense of living for the members."

In such a situation the trial court cannot stretch a fixed amount of income to meet the needs of both parties. It must do the best it can under difficult circumstances.

The trial court required the husband to pay $300.00 per month for child support. This, in addition to his other payments, takes $608.00 of the $800.00 monthly income. Although $192.00 is very little to live on for one month, the husband did not present any evidence to the trial court about whether and, if so, by how much his living expenses exceeded this amount. The wife, on the other hand, presented an itemized list of debts, income, and her monthly expenses. Perhaps the trial court felt that some of the items of personal property awarded to the husband, such as the garden tractor and snowmobile, were not strictly necessities and could be sold to alleviate some of his expenses. At any rate, we are in no position to second-guess the trial court and must give due regard to its opportunity to see and hear the testimony of witnesses and observe their demeanor. *Bellon v. Bellon*, 213 N.W.2d 376 (N.D.1973).

The husband is correct in stating that the objective of the trial court must be to strike a balance between the needs of the children and the ability of the father to pay. See *Larson, supra*; and *Hoster v. Hoster*, 216 N.W.2d 698 (N.D.1974). We believe that the trial court, having before it a mother with custody of two young children, earning $100.00 per month and driving a 1966 automobile, whose monthly expenses were clearly identified for the court, and a husband with income of $800.00 per month and possession of several vehicles, did strike such a balance as best it could under the circumstances of the cases.

Perhaps the wife should shoulder a greater portion of the burden of child support, as the defendant suggests, especially where available income is falling short of the family's needs. Evidence at trial showed that she was seeking employment and her counsel on appeal noted that she is now working full time. The trial court, of course, issued judgment on the facts before it at the time of trial. If the wife's financial circumstances have indeed improved, the proper course for the defendant is to return to the trial court to allege these changed circumstances. The trial court has the power to modify its order regarding amount of payment and other matters whenever the parties demonstrate that their circumstances have materially changed. *Schumacher, supra*; § 14–05–24, NDCC.

Although not necessary to the disposition of this case, an observation should be made concerning the role of the trial court. The plaintiff in this case made application for an interim order, which the trial court granted, and the terms of that order were not made an issue here. Such orders are, of course, authorized under § 14–05–23, North Dakota Century Code, and may be issued ex parte. But the danger inherent in such a procedure is that the facts alleged on application for the temporary order may be accepted as true for purposes of disposition of the case on the merits. This tendency

should be carefully avoided by trial courts, particularly because circumstances regarding custody, financial status, and other such matters, can change dramatically between issuance of the interim order and final determination of the issues.

The court must exercise precaution to prevent the "untried" facts from maturing into facts on the merits without first subjecting them to judicial scrutiny through the adversary system. It is the duty of the parties, of course, to undertake to present the facts fully and completely at trial.

Counsel for the husband, the appellant, repeatedly argued orally on appeal that a great need exists for guidelines or formulas to be used in determining the amount of support payment to be made. As an example, he argued that the wage earner should be able to retain a certain number of dollars for living expenses, but would be required to turn over, as either support or alimony, a certain percentage—one-fifth, one-fourth, or one-third—of the wages or income.

The development of such formulas or guidelines is primarily a legislative function rather than a prerogative of this court. Even if the legislature were to enact formulas and guidelines, we still would have to recognize the difficulty encountered in attempting to apply such formulas to a given set of facts and in such a way as to do justice. We can well appreciate that the practitioner could function better with guidelines or formulas of the type that he mentions, but like many other things, wishful thinking and practical reality are different items.

To the extent permitted, this Court has set out, in *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966), those items and matters which the trial court should take into account in distributing property and in determining support payments. Each case must, out of necessity, be determined on its own peculiar set of facts and circumstances. As an appellate court, we are concerned with the basic question: Did the trial court make an equitable distribution under the circumstances and facts of the case?

For the reasons stated in the opinion, the judgment of the trial court is affirmed. Should circumstances of either party change such that the husband feels a modification of the order is warranted, he can seek appropriate relief in the district court.

Affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.