Donald W. GOOSELAW, Plaintiff
and Appellant,

v.

Dolores M. GOOSELAW, Defendant
and Appellee.

Civ. No. 10122.

Supreme Court of North Dakota.

May 13, 1982.

George E. Duis and Steven Kaldor, Fargo, for plaintiff and appellant.

Pancratz, Kruger, Wold, Yuill & Johnson, Fargo, for defendant and appellee; argued by William D. Yuill, Fargo.

ERICKSTAD, Chief Justice.

Donald W. Gooselaw appeals from a judgment of divorce entered in the District Court of Cass County. He argues that the trial court's property division, award of alimony for life, and award of attorney's fees to Dolores M. Gooselaw are all clearly erroneous. We affirm the award of alimony and attorney's fees. We reverse the trial court's property award and remand for modification.

At the time of the trial, Donald was 48 years old and Dolores was 47 years old. They were married 23 years earlier on September 9, 1958, in Hunter, North Dakota. Three children were born of the marriage.

One child is a minor, but there is no issue over custody on this appeal.

Donald has a high school education and served with the United States Navy. After his discharge from the Navy, he became a hairdresser and operated beauty salons until 1970. In 1970 he started Mr. Don's State College of Beauty in Fargo.

Dolores is a high school graduate and has a few months of business college training. She worked as a service representative for a telephone company in California prior to their marriage. During the marriage she worked as a bookkeeper for all of the couple's business ventures.

Donald and Dolores began their marriage with little property. Upon divorce, however, they had accumulated substantial property.

The trial court, using the *Ruff-Fischer* guidelines, *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952), valued and divided the property owned by Donald and Dolores as follows:

### Awarded to Dolores

| | |
|---|---|
| Home located at 2818 2nd Street North, Fargo, valued at $70,000.00, less mortgage of $13,272.31, less home improvement loan of $4,711.85, for a net value of | $52,015.84 |
| Furniture, fixtures, household goods and appliances in said home | $ 8,000.00 |
| 1977 Chrysler automobile, valued at $1,000.00 less encumbrance of $441.00, for a net value of | $ 559.00 |
| 1973 Pinto, used primarily by children, a gift from Dolores' parents, valued at $300.00, but not considered in distribution. | |
| One half interest as tenant in common in Fashion Villa property located at 102 South University Drive in Fargo | $20,000.00 |
| TOTAL | $80,574.84 |

### Awarded to Donald

| | |
|---|---|
| 1973 Oldsmobile automobile | $ 250.00 |
| One-half interest as tenant in common in Fashion Villa property located at 102 South University Drive in Fargo | $20,000.00 |
| Don's State College of Beauty | $50,000.00 |
| Arlene's Beauty Shop | $10,000.00 |
| Life insurance policies on Donald's life having cash surrender value of | $ 542.27 |
| Investment in apartment complex in West Fargo, ND | $ 5,000.00 |
| Federal and state income tax liability | ($ 7,000.00) |
| TOTAL | $78,792.27 |

Donald's first argument is that the trial court erroneously valued Mr. Don's State College of Beauty, an investment in an apartment complex in West Fargo, and Arlene's Beauty Shop.

■ The trial court's valuation and division of property is treated as a finding of fact and is thus fortified by Rule 52(a), N.D.R.Civ.P. Therefore, we will set aside these findings only if we determine they are clearly erroneous. A finding of fact is deemed clearly erroneous when we are left with the definite and firm conviction that a mistake has been made. *Bender v. Bender*, 276 N.W.2d 695, 697 (N.D.1979); *Haugeberg v. Haugeberg*, 258 N.W.2d 657, 659 (N.D.1977). Our review of the trial court's record in this case has left us with the firm conviction that a mistake has been made as to the value placed on Mr. Don's State College of Beauty and Arlene's Beauty Shop. We are unable to find any evidence to support the value attached by the court to those two businesses. We have not, however, disturbed the trial court's finding regarding the value of Donald's interest in an apartment complex in West Fargo, there being sufficient evidence in the record to support a finding of $5,000 value. In fact, Donald himself testified that the market value of his interest in the apartment complex was $5,000.

The trial court valued Mr. Don's State College of Beauty at $50,000. The only evidence in the record regarding the value of the college was Donald's testimony that it was worth $26,000 less $7,000 owed for audio equipment, for a net value of $19,000. The school is located in a rented building in downtown Fargo which the record discloses consists of property of questionable salable or marketable value. Donald testified that

the market value of beauty colleges is typically determined by multiplying $1,000 times the average number of students enrolled in the school. The testimony indicates that Don's State College of Beauty had an approximate average enrollment of 20 students. Additionally, Donald testified that the college owned equipment valued at $6,000. Using Donald's uncontroverted testimony, the net value of the college appears to be as follows:

| Value through enrollment | |
|---|---|
| $1,000 × 20 students | $20,000.00 |
| Equipment | 6,000.00 |
| Gross Value | $26,000.00 |
| Less: | |
| Debt for audio equipment | 7,000.00 |
| Net Value | $19,000.00 |

There being no other evidence, we ascribe a value of $19,000.00 to Don's State College of Beauty.

Dolores argued that the trial court's finding is supported by the income tax returns received into evidence. The income tax returns were offered to establish the couple's income and source of income. The returns did not disclose other evidence of the value of the business. Dolores argues that *Fraase v. Fraase*, 315 N.W.2d 271, 275 (N.D.1982), is analogous to this case. In *Fraase*, we affirmed the trial court's finding that a law office had an increase in value from 1970 to 1982 of at least $35,000 for purposes of property distribution in a divorce. Dolores argues that *Fraase* stands for the proposition that the income-producing ability of the principal in a service business may be used in valuing that business. That is not the holding of *Fraase*. In *Fraase* we held that the trial court's conclusion that Fraase's interest in the office equipment, furniture, fixtures, and accounts receivable of the law office of $35,000 accumulated over 12 years was not clearly erroneous. In light of the evidence, we conclude that the trial court's finding that Mr. Don's State College of Beauty had a value of $50,000.00 is clearly erroneous. As previously discussed, we believe $19,000 to be a more accurate evaluation of that property.

We next must determine whether or not the trial court's finding valuing Arlene's Beauty Shop at $10,000 is clearly erroneous. The testimony regarding Arlene's Beauty Shop reflects a value of $3,000, not $10,000 as ascribed to it by the trial court. Again, the only evidence other than that presented by Donald indicating a value of between $3,000 and $4,000 was the evidence from the income tax returns showing the shops net income to be about $6,000 annually. From this fact the court valued the business at $10,000 for distribution purposes. That finding is not supported by the evidence.

Our conclusion that the trial court's finding is clearly erroneous is based on three factors. First, the business owns virtually no property. It is located in the same rented building as Mr. Don's State College of Beauty, has three chairs and little other equipment. Secondly, the evidence shows that the business is dependent on the college for supplies. Without those supplies it is questionable whether or not it would be profitable. Thirdly, the business is dependent upon a long-time clientele. That clientele, although not large, has been built up over many years through the diligent efforts of the beauty operators employed by the shop. The senior operator, upon whom the business is greatly dependent, is nearing retirement age. Accordingly, we find the trial court's valuation clearly erroneous. Consistent with the only testimony of the value of Arlene's Beauty Shop, we attach a value of $3,000 to that business.

Because of our determination that the trial court's findings regarding the values of Mr. Don's State College of Beauty and Arlene's Beauty Shop are clearly erroneous, it is necessary to modify the property distribution. Our reduction of the values placed on the college and Arlene's Beauty Shop concomitantly reduces the trial court's distribution to Donald by $38,000.[1] We there-

1. Reduction of value placed on Mr. Don's State College of Beauty:

| Trial Court's Valuation | $50,000 | |
|---|---|---|
| Our Valuation | 19,000 | |
| Reduction | | $31,000 |

fore modify the trial court's property distribution by awarding to Donald the entire Fashion Villa property located at 102 South University Drive in Fargo. The value of that property is $40,000. The trial court awarded a one-half interest in that property to each party. Through this redistribution, the parties each receive equivalent amounts of property, as follows:

### Awarded to Dolores

| | |
|---|---|
| Home located at 2818 2nd Street North, Fargo, valued at $70,000.00, less mortgage of $13,272.31, less home improvement loan of $4,711.85 for a net value of | $52,015.84 |
| Furniture, fixtures, household goods and appliances in said home | $ 8,000.00 |
| 1977 Chrysler automobile, valued at $1,000.00 less encumbrance of $441.00, for a net value of | $ 559.00 |
| 1973 Pinto, used primarily by children, a gift from Dolores' parents, valued at $300.00, but not considered in distribution. | |
| TOTAL | $60,574.84 |

### Awarded to Donald

| | |
|---|---|
| 1973 Oldsmobile automobile | $ 250.00 |
| Fashion Villa property located at 102 South University Drive in Fargo | $40,000.00 |
| Don's State College of Beauty | $19,000.00 |
| Arlene's Beauty Shop | $ 3,000.00 |
| Life insurance policies on Donald's life having cash surrender value of | $ 542.27 |
| Investment in apartment complex in West Fargo, ND | $ 5,000.00 |
| Federal and state income tax liability | ($ 7,000.00) |
| TOTAL | $60,792.27 |

■ We next turn to the issue of whether or not the trial court's award of alimony for life was clearly erroneous. The trial court awarded alimony to Dolores of $600 per month, payable until her death or remarriage.

The trial court apparently was of the view that alimony should be awarded so that the spouse may continue her present style of living. That is evident by its finding of fact stating that her monthly living costs were about $1,200. The trial court then indicated its belief that she should be able to get a job paying at least $600 monthly.

Recently we have treated alimony as a method of rehabilitation. In *Bingert v. Bingert*, 247 N.W.2d 464, 469 (N.D.1976), we said:

> "We believe that the trend in modern domestic-relations law is to treat alimony as a method for rehabilitating the party disadvantaged by the divorce. This seems to be the basis of the Uniform Marriage and Divorce Act, adopted in at least four States, not including North Dakota."

We have since reaffirmed that philosophy. *Svetenko v. Svetenko*, 306 N.W.2d 607 (N.D. 1981); *Williams v. Williams*, 302 N.W.2d 754 (N.D.1981); *Carr v. Carr*, 300 N.W.2d 40 (N.D.1980).

Although it has been contended that the trial court awarded the alimony in a maintenance objective, we cannot conclude that the award was clearly erroneous from a rehabilitative objective. In light of Dolores' age, limited education, work experience mainly within the family-owned business, and the job market generally, among other factors, it is not unreasonable that the court may have concluded, although not expressly articulated, that rehabilitation beyond her present earning capacity is not likely. We think Donald will be more capable of making this payment indefinitely with the adjustment in the division of property, inasmuch as he will now have all of the income-producing property.

■ Let us turn to the trial court's award of $1,500 for attorney's fees to Dolores. In determining the amount of attorney's fees to be paid by the opposing party, the trial court should consider the property owned by each party as a result of the property division, the relative income, whether the property is liquid or of fixed

| Reduction of value placed on Arlene's Beauty Shop: | | |
|---|---|---|
| Trial Court's Valuation | $10,000 | |
| Our Valuation | 3,000 | |
| Reduction | | $ 7,000 |
| Total Reduction | | $38,000 |

assets, and whether or not the actions of the parties unreasonably increased the time spent on the case. *Nastrom v. Nastrom,* 284 N.W.2d 576 (N.D.1979). In this case, virtually all the assets received by Dolores were fixed assets. We believe the trial court took into account the fact that Donald received the beauty school along with other income-producing property. Dolores, on the other hand, received the home and a part interest in Fashion Villa. The latter interest we have assigned to Donald. Additionally, the court properly took into account the fact that Dolores had limited earning power.

■ We will not disturb an award of attorney's fees on appeal unless there has been an abuse of discretion. *Haberstroh v. Haberstroh,* 258 N.W.2d 669 (N.D.1977); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D. 1966). We conclude that there has been no abuse of discretion as to the award of attorney's fees.

For the reasons stated in this opinion, we affirm in part, reverse in part, and remand for modification pursuant to this opinion.

VANDE WALLE, SAND and PAULSON, JJ., concur.

PEDERSON, Justice, concurring in part and dissenting in part.

I agree fully that some of the findings of fact are supported by substantial evidence and that some of them are not. Rule 52(a), NDRCivP, requires that all findings of fact be supported by substantive evidence. The judicial system will work best if trial courts do trial court functions and appellate courts do appellate functions. Accordingly, I dissent from that part of Chief Justice Erickstad's opinion wherein this court usurps the trial court's responsibility by making findings of fact.

When I concurred specially in *Mansukhani v. Pailing,* 318 N.W.2d 748 (N.D.1982), I pointed out that § 14–05–25, NDCC, appears to be an invitation in domestic relations cases to treat this court as a trial court. As a matter of principle alone, I would think that lawyers would not want

us to encroach on trial court functions even though, in a particular case, it may appear to someone who has not given it much thought to be a waste of judicial effort to remand so that a trial judge can perform that function.

If the trial court that heard the evidence in this case had made the findings of fact now made by this court, those findings would not be clearly erroneous. I do not say that justice is not being done.