Kenneth F. BRIESE, Plaintiff and Appellant,

v.

Florence I. BRIESE, Defendant and Appellee.

Civ. No. 10210.

Supreme Court of North Dakota.

Oct. 20, 1982.

Wegner, Fraase, Nordeng & Johnson, Fargo, for plaintiff and appellant; argued by Mervin D. Nordeng, Fargo.

Gackle, Johnson & Rodenburg, Fargo, for defendant and appellee; argued by Bruce D. Johnson, Fargo.

PAULSON, Justice.

Kenneth F. Briese sought and was granted a divorce from Florence I. Briese. He appeals from those portions of the decree which divide the property and award alimony. We affirm the judgment.

Kenneth is 53 years old and Florence is 52 years old. They were married on May 6, 1950, in Fargo. The marriage lasted 31 years. Nine children were born as issue of the marriage. One child died in infancy and one child died in an automobile accident after reaching adulthood. The seven surviving children have all reached the age of majority.

At the time of the marriage, Kenneth was a college student. Following his graduation from college in 1954, Kenneth was employed by the Farmers Home Administration [FmHA] of the U.S. Department of Agriculture. In 1959, the parties moved to Forman, North Dakota, where Kenneth became the county supervisor for the FmHA in Sargent County, a position he continues to hold at the present time. His gross annual salary is approximately $30,000.

In 1964, Kenneth Briese purchased a 320-acre farmstead located one mile south of Forman. An additional 503 acres were subsequently acquired by him. The farmland was rented to others until 1972, when Kenneth purchased machinery and commenced a farming operation on the 320-acre farmstead. Kenneth gradually increased his farming activities—working mornings, nights, and weekends, in addition to maintaining his full-time position as county supervisor with the FmHA. Kenneth also derived income from various investments in the stock market. At trial, Kenneth estimated the parties' net worth to be approximately $300,000.

Florence Briese has a high school education. She has engaged in only occasional part-time employment outside the home. During the course of the marriage, Florence performed the role of the homemaker. She underwent nine pregnancies and helped raise eight children. In 1964 it was discovered that Florence had cancer of the cervix, for which she subsequently received cobalt treatments. Her cancer was arrested, but she continues to suffer from embedded kidney stones. She has been hospitalized twice in recent years for a heart condition.

Kenneth and Florence's marriage deteriorated over a period of years and, with a summons and complaint dated June 17, 1981, Kenneth initiated an action for divorce, alleging irreconcilable differences. On February 1, 1982, the District Court of Sargent County entered a judgment which granted a divorce to the parties, divided the property, and awarded alimony to Florence. Because the parties were unable to agree on how to divide the property, the district court ordered liquidation of all property except their personal effects and clothing. Following payment of debts and taxes, the proceeds of the liquidation were to be divided equally between the parties. The court also awarded Florence alimony in the amount of $500 per month until Kenneth's retirement. After Kenneth's retirement, the amount of alimony was not to exceed one-third of his retirement benefits.

Kenneth raises two issues on appeal. First, whether or not the division of property is clearly erroneous. Second, whether or not the court's award of alimony is clearly erroneous.

Kenneth asserts that the equal division of property ordered by the district court is not equitable. He does not contest the manner in which the court divided the property. Rather, his contention is that Florence did not contribute significantly to the marriage, and that he did much more than would be expected in a normal family situation in accumulating additional marital property and, therefore, that he should be entitled to a greater proportion of the proceeds from the liquidation sale.

■■ It is well established that a trial court's determination on matters of alimony and property division are treated as findings of fact which will not be set aside unless clearly erroneous [Rule 52(a), North Dakota Rules of Civil Procedure]. A finding of fact is clearly erroneous when we are left with the definite and firm conviction that a mistake has been made. *Gooselaw v. Gooselaw,* 320 N.W.2d 490, 491 (N.D.1982); *Haugeberg v. Haugeberg,* 258 N.W.2d 657, 659 (N.D.1977). Our review of the trial court's record in this case has not left us with the definite and firm conviction that a mistake has been made in either the division of property or the award of alimony.

■ In *Williams v. Williams,* 302 N.W.2d 754, 757 (N.D.1981), this court set forth the guidelines to be followed by a trial court in attempting to arrive at an equitable distribution of marital property in a divorce action.[1] Considering Florence's age, her level of education, her physical condition, and her service as a homemaker in raising eight children in 31 years of marriage, we cannot set aside the trial court's division of property as being clearly erroneous.

Kenneth's argument that he should be entitled to a greater proportion of the divided property because most of the marital property was acquired solely through his skill and labor, and that Florence should be entitled to a lesser share because she did not contribute significantly to the marriage, is without merit. This is a situation where both parties entered into the marriage with relatively little property. Kenneth worked to earn money to provide for his family. He handled the financial and business affairs of the family. During the 31 years of her marriage, Florence performed the tasks of a homemaker. She took care of the home and played an active role in raising eight children. It cannot be said that this was an insignificant contribution to the marriage.

Section 14–05–24 of the North Dakota Century Code empowers the court in a divorce proceeding to make such equitable distribution of the property of the parties as may seem just and proper. The trial court awarded Florence one-half of the net proceeds from the liquidation sale of the marital assets. Under the facts presented herein, this is an equitable division of property which will not be altered on appeal.

■ Kenneth also contends that the property division is inequitable because it

1. In *Williams v. Williams,* 302 N.W.2d 754, 757 (N.D.1981), this court stated:

> "While no specific rules for the distribution of property exist, N.D.C.C. Section 14–05–24 provides certain guidelines for the trial court:
>
> "*14–05–24. Permanent alimony—Division of property.*—When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. The court from time to time may modify its orders in these respects."

> "In light of this section this court has sanctioned awards based upon the guidelines enumerated in *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952), and *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966), commonly referred to as the 'Ruff-Fischer Guidelines.' These guidelines allow a trial court to consider the respective ages of the parties to the marriage; their earning abilities; the duration of the marriage and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time; its value and its income-producing capacity, if any, and whether it was accumulated or acquired before or after the marriage; and such other matters as may be material."

may cause him to bear a disproportionate share of the income tax burden. He argues that the Internal Revenue Service will likely treat him as the sole owner of the property for income tax purposes, rather than as a joint owner with Florence, so that the tax burden will not be shared equally.

The trial court ordered the parties to maintain a common account for the purposes of holding proceeds of the liquidation sales and for paying debts. Income taxes for 1981 were to be paid out of this common account. The trial court further ordered that capital gains resulting from the transfer or sale of the parties' assets be apportioned equally between the parties.

Although the trial court did not specifically find that all income tax burdens resulting from the transfers would be shared equally by Kenneth and Florence, the parties stipulated in oral argument that the court's order concerning the equal apportionment of capital gains shall be broadly construed to include all federal income tax consequences, including depreciation and investment credit. In light of this stipulation, it appears that the trial court accomplished its objective of equally dividing the income tax burden among the parties. Florence will pay her share of the tax burden resulting from the transfer of assets, but she will not be obligated to pay for income taxes resulting from Kenneth's salary from the FmHA. Kenneth will be able to argue to the Internal Revenue Service that the assets acquired during the course of the parties' marriage should be treated as jointly owned assets for income tax purposes when sold, regardless of the fact that the real property is held in Kenneth's name alone. In reality, it was the mutual efforts of the parties which made the acquisition of his property possible.

■ Kenneth asks us to modify the trial court's judgment in the event that the Internal Revenue Service treats him as the sole owner of the property for income tax purposes, rather than as a joint owner with Florence. If treated as the sole owner by the IRS, Kenneth argues that the judgment will cause him to bear a disproportionate

share of the income tax burden. In essence, Kenneth is asking this court to modify the trial court's division of property on the basis of a tax contingency which may never occur, and one over which we, in any event, have no jurisdiction. This we cannot do.

Federal tax matters are generally not within the jurisdiction of the courts which have jurisdiction over domestic matters. *Fraase v. Fraase,* 315 N.W.2d 271, 278 (N.D. 1982) (Sand, J., special concurrence). Whether or not the Internal Revenue Service treats the marital property in the instant case as solely owned by Kenneth, or jointly owned by the parties, for income tax purposes, is an issue which has not yet been presented to or ruled upon by the IRS. This court will not speculate as to the possible outcome of a federal tax matter over which we have no jurisdiction.

■ Kenneth's next contention is that the trial court erred in awarding Florence alimony. The trial court awarded Florence alimony in the amount of $500 per month until the time of Kenneth's retirement from his employment with the FmHA. Following Kenneth's retirement, the amount of alimony paid to Florence is not to exceed one-third of his retirement benefits.

This court has recognized that "alimony" payments are sometimes intended as spousal support and in other instances are a type of property division. *Urlaub v. Urlaub,* 325 N.W.2d 234, 238 (N.D.1982); *Eberhart v. Eberhart,* 301 N.W.2d 137 (N.D.1981). Although the trial court used the term "alimony", it is apparent from our review of the record that the award of $500 per month in the instant case is a form of spousal support and not a type of property division.

Kenneth contends that the trial court erred in awarding Florence alimony in addition to awarding her one-half of the parties' net assets. He argues that with the property settlement ordered by the court Florence will have adequate income to care for her needs and, therefore, it was not necessary to award alimony.

In *Williams v. Williams,* 302 N.W.2d 754, 758 (N.D.1981), this court distinguished the concepts of equitable property division and alimony as follows:

"We believe that although the concepts of equitable property division and alimony are closely related, they are distinguishable and have different purposes. The equitable division of property has for its basis the husband's and the wife's respective rights to an equitable portion of the property which has been accumulated by the parties through their joint efforts and for their mutual benefit during the marriage. The function of alimony, on the other hand, has been identified by this court to be the method for rehabilitating the party disadvantaged by the divorce. *Bingert v. Bingert,* 247 N.W.2d 464 (N.D.1976)."

Section 14–05–24, N.D.C.C., authorizes the trial court "to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively". There are no rigid rules for determining whether or not to award alimony and the amount of such an award. The determination of a just award is within the discretion of the trial court and will depend upon the facts and circumstances of each case. § 14–05–24, N.D.C.C.; *Bingert v. Bingert,* 247 N.W.2d 464, 467 (N.D.1976). Based upon the record before us, and noting Florence's age, health, education, and work experience, we cannot conclude that the trial court clearly erred in awarding Florence alimony in the amount of $500 per month in addition to awarding her one-half of the parties' net assets.

Finally, Kenneth argues that the award of alimony in this case is erroneous because it serves no rehabilitative purpose. Recently we have treated alimony as a method of rehabilitation. *Svetenko v. Svetenko,* 306 N.W.2d 607 (N.D.1981); *Williams v. Williams,* 302 N.W.2d 754 (N.D.1981); *Carr v. Carr,* 300 N.W.2d 40 (N.D.1980); *Bingert v. Bingert,* 247 N.W.2d 464 (N.D.1976). Although Kenneth contends that the trial court's award will provide support and maintenance for Florence indefinitely, we cannot conclude that the award was clearly erroneous from a rehabilitative objective. In *Gooselaw v. Gooselaw,* 320 N.W.2d 490 (N.D.1982), we held that a trial court's award of alimony in the amount of $600 per month for life was not clearly erroneous. We viewed the award in light of Dolores Gooselaw's age, limited education, limited work experience, and the job market generally, among other factors in determining that a trial court would not have been unreasonable in concluding that rehabilitation beyond her present earning capacity was not likely. *Gooselaw, supra* 320 N.W.2d at 493. Likewise in the instant case, considering Florence's age, health, limited education, and limited work experience, an award of $500 per month alimony is not unreasonable, as rehabilitation beyond her present earning capacity is not likely.

Florence is entitled to an award of $500 per month only until the time of Kenneth's retirement. When Kenneth retires, Florence will receive an amount not to exceed one-third of his retirement benefits per month. Kenneth testified that he could retire from his job with the FmHA within two years, having completed 30 years of service, and receive a monthly pension of approximately $900.

After reviewing the record in this case and the applicable authority, we are not left with a definite and firm conviction that a mistake has been made. We cannot say that the division of property and the award of alimony to Florence were clearly erroneous.

For the reasons stated in this opinion, we affirm the judgment.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.