Vivian **BARTHOLOMEW**, Plaintiff and Appellant,

v.

Dan **BARTHOLOMEW**, Defendant and Appellee.

Civ. No. 10244.

Supreme Court of North Dakota.

Nov. 24, 1982.

R. Lee Hamilton, Grand Forks, for plaintiff and appellant.

Nelson, Kalash, Gronneberg & Molenaar, Grand Forks, for defendant and appellee; argued by Dennis L. Molenaar, Grand Forks.

PEDERSON, Justice.

Vivian Bartholomew sought a separation from bed and board (§ 14–06–01, NDCC) from Dan Bartholomew on the grounds of extreme cruelty, adultery, and irreconcilable differences. Dan counterclaimed and sought a divorce. Vivian later amended her complaint and asked for a divorce on the ground of adultery and, in the alternative, irreconcilable differences. The court granted the divorce to Vivian on the ground of irreconcilable differences. On appeal, Vivian challenges the ground upon which the divorce was granted, the property division, and the denial of alimony. We affirm.

■ Vivian argues that she should have been granted the divorce on the ground of adultery rather than on the ground of irreconcilable differences. She contends that had the divorce been granted on the ground of adultery, the property division would have been different. Issues concerning the grounds for granting a divorce are dealt with on appeal as findings of fact. *Rambel v. Rambel,* 248 N.W.2d 856, 859 (N.D.1977). Findings of fact cannot be set aside on appeal unless they are clearly erroneous. Rule 52(a), NDRCivP. A finding of fact is clearly erroneous when it is not supported by any evidence, or even though supported by some evidence, we are left with the definite and firm conviction that a mistake has been made. *Gooselaw v. Gooselaw,* 320 N.W.2d 490, 491 (N.D.1982); *Haugeberg v. Haugeberg,* 258 N.W.2d 657, 659 (N.D.1977). We do not believe that the trial court's finding here is clearly erroneous. The record shows that the trial court heard evidence concerning Dan's admitted adulterous relationship but also heard evidence of other problems that contributed to the breakdown of the marriage. We find that there was substantial competent evidence to support a finding of irreconcilable differences. We cannot speculate that the property division would have varied had the divorce been granted on the ground of adultery rather than irreconcilable differences.

■ Vivian also asserts that the court erred in failing to include accumulated interest on a certificate of deposit when it determined the net worth of the parties. The court itemized the parties' liquidated assets as follows:

"There is also some money in various banks including *approximately* the following amounts:

| | | |
|---|---|---|
| 1. | Community National-from Life Insurance Policy | $20,000 |
| 2. | First Federal-from interest on above account | 1,100 |
| 3. | Metropolitan Savings & Loan-from defendant's inheritance | 105,000 |
| 4. | IRA account First Federal | 4,700" |

[Emphasis added.]

Neither party introduced any evidence of the precise amount of accumulated interest, and no jointly prepared property list was submitted as required by Rule 8.3, NDROC. However, at oral argument Vivian pointed out that the court had before it the date of the certificate and the interest rate and therefore could have calculated and considered accumulated interest in its property division. Although the findings of fact could have more clearly set forth the basis for the court's distribution of property, a property division will not be set aside on the ground of failure to show the exact basis for it if the basis is reasonably discernible by deduction or inference. *Nastrom v. Nastrom,* 284 N.W.2d 576, 585 (N.D.1979); *Mattis v. Mattis,* 274 N.W.2d 201 (N.D.1979). We conclude that there is a sufficient basis in the record for the court's distribution, and that no prejudicial error resulted from the court's failure to itemize the exact amounts of the parties' liquidated assets.

■ Finally, Vivian contends that the court erred in failing to grant her alimony in addition to awarding her 59% of the parties' assets. In its memorandum opinion, the court noted that "[t]he plaintiff seeks a property division sufficient to support her rather than alimony because she feels the defendant may die leaving her with uncollectible alimony."

Section 14–05–24, NDCC authorizes the court to "make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively." There

are no rigid rules for determining whether or not to award alimony. *Briese v. Briese,* 325 N.W.2d 245, 249 (N.D.1982). The determination of an award is within the discretion of the trial court and will depend upon the facts and circumstances of each case. Section 14–05–24, NDCC; *Briese v. Briese, supra; Bingert v. Bingert,* 247 N.W.2d 464 (N.D.1976). Based upon the record before us, and noting the parties' respective incomes, Vivian's desire for a property settlement in lieu of an alimony award, her age, health, education, and work experience, we cannot conclude that the court clearly erred in failing to grant Vivian alimony in addition to the property award.

The judgment is affirmed.

ERICKSTAD, C.J., and PAULSON, SAND and VANDE WALLE, JJ., concur.