Jane E. CLARK, Plaintiff and Appellant,

v.

Allan E. CLARK, Defendant and Appellee.

Civ. No. 10302.

Supreme Court of North Dakota.

March 17, 1983.

Fleming & DuBois, Cavalier, for plaintiff and appellant; argued by Neil W. Fleming, Cavalier.

DePuy, Kopperud, Goulet & Hall, Grafton, for defendant and appellee; argued by Nicholas B. Hall, Grafton.

PEDERSON, Justice.

Jane and Allan Clark were divorced on the ground of irreconcilable differences by a decree of the district court of Pembina County. On appeal Jane challenges the property division and the ground upon which the divorce was granted. We remand for modification.

Custody of the two minor children born of the marriage and the three children from Jane's previous marriage was awarded to Jane and is not disputed on this appeal. Allan was ordered to pay $75 per month for each minor child for child support.

The court, in lieu of alimony, awarded Jane a property settlement that included the household goods. The court also "ordered, adjudged and decreed":

"That ownership of the home ... shall remain as joint ownership and the Plaintiff [Jane] shall have possession of the house so long as she has custody of the minor children of the parties and does not remarry. If the home is sold, the parties shall share jointly in the proceeds. The Plaintiff [Jane] shall make all payments regarding the house."

Jane argues that requiring her to make all of the payments on the house but awarding Allan one-half of the proceeds upon its sale is an inequitable property division and is thus clearly erroneous. Allan asserts that the court properly considered the parties' respective incomes, their ages, health, education, and work experience as required by § 14–05–24, NDCC, and equitably divided their property.

Section 14–05–24, NDCC, provides, in part:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage ...."

The equitableness of a property division in a divorce case is treated as a finding of fact, *Schmidt v. Schmidt,* 325 N.W.2d 230 (N.D.1982), and, as such, is not disturbed on appeal unless clearly erroneous. Rule 52(a), NDRCivP; *Rambel v. Rambel,* 248 N.W.2d 856 (N.D.1977); *Grant v. Grant,* 226 N.W.2d 358 (N.D.1975). A finding of fact is clearly erroneous when we are left with a definite and firm conviction that a mistake has been made. *Smith v. Smith,* 326 N.W.2d 697

(N.D.1982); *Briese v. Briese,* 325 N.W.2d 245 (N.D.1982).

■ To aid in the equitable division of marital property, the court should determine the equity available for distribution and then apply the guidelines enumerated in § 14–05–24, NDCC, *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952), and *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966). See *Urlaub v. Urlaub,* 325 N.W.2d 234, 237 (N.D.1982). There are no fixed rules to follow when dividing marital property. The ultimate objective, as this court has often noted, is to make an equitable distribution of the marital estate depending upon the facts and circumstances of each case. *Nastrom v. Nastrom,* 284 N.W.2d 576, 580 (N.D.1979); see also *Williams v. Williams,* 302 N.W.2d 754 (N.D.1981).

■ Although we acknowledge that there is no fixed rule that each spouse must receive a certain percent of the marital assets, *Nastrom, supra,* we find that the result in the instant case is neither equitable nor justified by the criteria set forth in the *Ruff-Fischer* guidelines. Both parties are capable of earning an adequate income and are able to contribute to the expenses of maintaining a house. While we believe that Jane should be able to raise the children in the family home, we see nothing to justify requiring her to make all of the payments for the house and then allowing Allan to receive one-half of the proceeds upon its sale. See *In Re Marriage of Heinemann,* 309 N.W.2d 151 (Iowa App.1981). Consequently, we remand to permit the court to modify the decree to provide that when the house is sold, Jane shall pay Allan one-half of the equity value at the time of the divorce proceeding (appraisal value of $57,500 less mortgage balance of $26,037), plus 6% interest thereon. Should the parties reach a mutual decision to sell the house before the youngest child in Jane's custody reaches his majority or Jane remarries, the same provisions would apply.

■ Jane argues that she should have been granted the divorce because of Allan's abusive conduct and alleged drinking problems, rather than on the ground of irrecon-

cilable differences. She contends that had the divorce been granted on those grounds, the property division would have been more equitable. Issues concerning the grounds for granting a divorce are dealt with on appeal as findings of fact. *Rambel, supra,* 248 N.W.2d at 859; *Bartholomew v. Bartholomew,* 326 N.W.2d 715 (N.D.1982). We do not believe that the trial court's finding here is clearly erroneous. The record shows that the court heard evidence concerning Allan's drinking problems and his treatment of Jane and her children, but also heard evidence of other problems that contributed to the breakdown of the marriage. We thus find that there was substantial competent evidence to support a finding of irreconcilable differences. See *Bartholomew, supra,* 326 N.W.2d at 716.

Because we are left with a definite and firm conviction that a mistake has been made, we remand this case to the district court for purposes of modifying the judgment consistent with this opinion.

ERICKSTAD, C.J., and PAULSON, J., concur.

SAND, Justice, concurring specially.

I concur in the result and most of the rationale in Justice Pederson's opinion. I am fully aware that this Court has for a considerable period of time treated property division and other related matters in divorce cases as a finding of fact. On previous occasions I have orally voiced my concern over this, but nevertheless signed the opinions. I fully realize that Justice Pederson is merely reciting what has become standard. Because of the extended use of Rule 52(a), North Dakota Rules of Civil Procedure, and its concepts, I now find it necessary to express my view in writing.

The statement that such dispositions are treated as a finding of fact is partially correct if it is understood that the facts considered by the trial court leading up to the distribution of the property are a finding of fact, but the actual distribution of property or disposition are not a finding of fact. In the distribution of property, equi-

table principles of law are applied and, as such, it becomes a conclusion of law.

If the ultimate conclusion can be arrived at only by applying rules of law, the result is a conclusion of law. Findings of fact are the realities as disclosed by the evidence, as distinguished from their legal effect or consequences. *Slope County, etc. v. Consolidated Coal Company,* 277 N.W.2d 124 (N.D. 1979), and authorities cited therein.

As an example, this Court on numerous occasions has stated in its opinions that the *Ruff-Fischer* guidelines apply in the division of property, etc., in divorce cases. These guidelines consist of case law including constructions and interpretations of statutes. Whenever these guidelines are applied to the facts of the case as found by the court (findings of fact) the result is a conclusion of law.

Probably because of the misuse and misapplication of the expression "findings of fact", criticism has been invited from members of the bar and judiciary regarding our decisions on divorce matters.

VANDE WALLE, J., concurs.