**Daniel B. OVIATT, Plaintiff and Appellant,**

v.

**Terry L. OVIATT, Defendant and Appellee.**

**Civ. No. 10684.**

Supreme Court of North Dakota.

Oct. 23, 1984.

---

Henry H. Howe [argued], of Howe & Seaworth, Grand Forks, for plaintiff and appellant.

Larry R. Spain [argued], of Legal Aid Ass'n, University Station, Grand Forks, for defendant and appellee.

GIERKE, Justice.

Plaintiff-appellant Daniel B. Oviatt appeals from a judgment of the District Court of Grand Forks County dated February 17, 1984, which granted a decree of divorce to Daniel from the defendant-appellee Terry L. Oviatt. Daniel appeals from the portion of the judgment which ordered him to pay $300 a month for a period of 18 months, beginning September 1, 1983. Daniel does not dispute the fact that he is able to pay the spousal support, but he contends that there was insufficient evidence at trial to support the award. We affirm.

Daniel and Terry Oviatt were married July 14, 1979. At the time, it was the third marriage for Terry, age 27; and the first marriage for Daniel, age 33. Terry brought two children into the marriage, one from each of her prior marriages. Daniel did not adopt either of Terry's children.

At the time of the marriage, both Terry and Daniel were serving on active duty with the United States Air Force. Both parties have high school educations and had acquired some additional training through the Service. Terry was a clerk-typist, E/4; and Daniel ranked Staff Sergeant E/5 at the time of the marriage.

Shortly after the marriage, Terry requested and received a discharge from the Air Force. Daniel testified at trial that he neither approved nor disapproved of Terry's decision to leave the Air Force and assume the full-time role of homemaker.

Testimony at trial indicated that things were not going well within the marriage. Terry was unhappy living in North Dakota. Daniel was unwilling to relocate until he finished a 20-year term with the Air Force. Terry decided to move to Oregon, Daniel's home State. Terry and Daniel divided the property and Terry left for Oregon with her two children. According to the facts as recited in appellee's brief, Daniel, at this point, intended to join her in Oregon as soon as he completed his commitment to the Air Force. At trial, Daniel stated that he intended that the parties separate for a period of time. He stated that, initially, he intended to join Terry later, but that as time went on, things did not work out as planned.

From March of 1982 until September of 1982, Daniel sent approximately $400 to $500 per month to Terry to pay for rent, to pay on her Montgomery Ward charge account, and for miscellaneous items. He also made payments at this time on the joint debts acquired by the parties.

Daniel filed for divorce on October 27, 1982, approximately three years after the parties were married. Daniel does not dispute the division of property. His only complaint is that the trial court erred in awarding spousal support. Therefore, the sole issue in this appeal is the propriety of the trial court's award of spousal support in the amount of $300 per month for a period of 18 months.

■■■ As we have repeatedly stated, a trial court's determination as to spousal support is treated as a finding of fact. *Jondahl v. Jondahl*, 344 N.W.2d 63, 67 (N.D.1984); *VanRosendale v. VanRosendale*, 342 N.W.2d 209, 212 (N.D.1983); *Bender v. Bender*, 276 N.W.2d 695, 697 (N.D.1979). A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *Gooselaw v. Gooselaw*, 320 N.W.2d 490, 491 (N.D.1982); *Haugeberg v. Haugeberg*, 258 N.W.2d 657, 659 (N.D.1977).

■■■ We are not convinced that the trial court made a mistake in awarding spousal support to Terry for a period of 18 months. One of the functions of spousal support as recognized by this court is for rehabilitating the party who has been disadvantaged by the divorce. *Bingert v. Bingert*, 247 N.W.2d 464, 469 (N.D.1976). Despite Terry's absence from the trial, the court weighed the evidence presented through Daniel's testimony with all the surrounding circumstances and determined that Terry had been disadvantaged by the divorce.

■■■ Appellant Daniel places a great deal of emphasis on the fact that Terry received the greater share of property upon distribution between the parties themselves. The concept of property division is, however, distinct from that of spousal support. *Williams v. Williams*, 302 N.W.2d 754, 758 (N.D.1981). As this court stated in *Williams, supra* 302 N.W.2d at 758:

"The equitable division of property has for its basis the husband's and the wife's respective rights to an equitable portion of the property which has been accumulated by the parties through their joint efforts and for their mutual benefit during the marriage. The function of alimony, on the other hand, has been identified by this court to be the method for rehabilitating the party disadvantaged by the divorce. *Bingert v. Bingert*, 247 N.W.2d 464 (N.D.1976)."

Therefore, regardless of whether or not Terry received a substantial portion of the couple's assets, the trial court could have properly awarded spousal support in this case.

Daniel asserts that the trial court's finding that Terry was unemployed at the time of trial is not supported by the evidence. He further contends that this finding was the basis for the court's award of spousal support and that said award was clearly erroneous. For Daniel to assume that the trial court would not have awarded support had it found Terry to be employed is speculation on his part at best. We are not left with a definite and firm conviction that the trial court made a mistake in awarding spousal support to Terry. *Gooselaw, supra* 320 N.W.2d at 491.

■■■ Employment is just one of the factors a trial court considers in determining whether or not an award of spousal support is appropriate pursuant to § 14–05–24, N.D.C.C. *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107, 111 (1952); *Fischer v. Fischer*, 139 N.W.2d 845, 852 (N.D.1966).

■■■ Section 14–05–24, N.D.C.C., leaves the determination of an award for spousal support within the discretion of the trial court, depending upon the facts and circumstances of each case. *Briese v. Briese*, 325 N.W.2d 245, 249 (N.D.1982). Section 14–05–24 authorizes the court to "make such suitable allowances to the other party for support during life or for a

shorter period as to the court may seem just, having regard to the circumstances of the parties respectively". This court adheres to the set of factors known as the *Ruff-Fischer* guidelines, directing a trial court to consider the respective ages of the parties; their earning ability; the duration of the marriage; the conduct during the marriage; their station in life; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage; and such other matters as may be material in determining whether or not an award of spousal support is appropriate. *Ruff, supra; Fischer, supra.*

In the instant case, Terry, who acquired a high school GED and some experience in the Air Force, quit her job with the Air Force in order to assume the role of a full-time homemaker. Daniel had no strong feeling one way or the other regarding Terry's decision to end her service with the Air Force. Terry is now in Oregon with two small children. Daniel assisted her with the move and also sent her money from March of 1982 through September of 1982. Shortly thereafter, Daniel filed for divorce and stopped sending money to Terry. It is not unreasonable to assume, under the circumstances, that Terry was having financial difficulty rehabilitating herself once she reached Oregon. The trial court awarded spousal support for a relatively short period of time, *i.e.*, eighteen months. We conclude that, in view of the circumstances, the court's award is not clearly erroneous.

For the reasons set forth in this opinion, we affirm.

ERICKSTAD, C.J., and PEDERSON, J., concur.

VANDE WALLE, Justice, concurring specially.

I am not left with a definite and firm conviction that a mistake has been made. However, there is woefully little evidence upon which the trial court could have based its decision. If we continue to label an award of spousal support as a finding of fact by itself, which can be set aside only when it is clearly erroneous, we may encourage awards of spousal support with no evidence to support the award. In *Clark v. Clark*, 331 N.W.2d 277, 279 (N.D.1983), Justice Sand, concurring specially, wrote that the "statement that such dispositions are treated as a finding of fact is partially correct if it is understood that the facts considered by the trial court leading up to the distribution of the property are a finding of fact, but the actual distribution of property or disposition is not a finding of fact." I concurred in Justice Sand's opinion in *Clark*. I believe the rationale quoted above which applies to findings concerning the distribution of property in a divorce action is equally applicable to an award of spousal support in a divorce action.

SAND, J., concurs.