[File No. 7021.]

ABRAHAM M. SUMMERS, Respondent, v. FLORENCE SUMMERS, Appellant.

(24 NW2d 688.)

Opinion filed October 26, 1946.

*Sinness & Duffy* and *Burnett, Bergeson & Haakenstad* and *Marion J. Leslie,* for appellant.

*Odin J. Strandness,* for respondent.

MORRIS, J. This is an appeal from an order of the district court denying defendant's motion for change of venue. The action is one for divorce instituted by the plaintiff, Abraham Sum-

mers, in Cass County. The defendant seeks a change of venue to Benson County upon two grounds—that she is a resident of Benson County and that it will be for the convenience of witnesses to try the case in that county. Service of the summons was made upon the defendant on December 19, 1945, in the State of Oregon. After being served she returned to North Dakota and employed an attorney to resist the action. At the time the motion was heard on April 6, 1946, she was again in Oregon. As a basis for her motion the defendant executed an affidavit stating that she is a resident of Benson County, North Dakota. She also presented the affidavit of her attorney stating that he has known the parties for many years and that the defendant resided near Oberon, Benson County, thirty years ago and, as far as he knows, has been a resident of that county ever since. There was also presented an extensive affidavit of Mrs. Otto Wergler, a daughter of the defendant and a resident of Benson County, who states that for many years the parties lived with their children in various places in Benson County. About five years ago the plaintiff left his family and lived outside the State of North Dakota for approximately four years. He returned in the Summer of 1945. During the period of the husband's absence the defendant continued to reside in Benson County and to make a home for her children until July, 1945, when she went to Reedsburg, Oregon, where she took a temporary job managing a small hotel. She did not abandon her residence in North Dakota and when that occupation terminated in the Spring of 1946 the defendant returned to Benson County. Later the defendant again went to Reedsburg to visit relatives but planned on returning to and continuing her residence in Benson County and that she has never left Benson County with the intention of changing her residence.

The plaintiff resisted the motion and filed an affidavit in which he stated that the defendant went to Michigan City, Indiana, in the Fall of 1941 and remained there until the Summer of 1942 and that for about a year she was employed at Rugby, North Dakota. He also states that the defendant left for Oregon about July 5, 1945, where she is employed and lived continuously ever since. The plaintiff also testified orally at the hearing on the

motion. This testimony in a general way substantiates his affidavit but it also shows that when the defendant left Benson County either to work or visit she always came back when her visit was over or her employment terminated.

Counsel have cited many cases dealing with residence and domicile in divorce actions. These cases, however, deal with jurisdiction for the purpose of maintaining divorce actions. The case here involves no question of jurisdiction. The only question is one of venue—the right of the defendant to change the place of trial from Cass County to Benson County because she is a resident of the latter.

Chapter 28–04, RC 1943, deals with the venue of civil actions. It specifically mentions certain types of actions and provides for the venue thereof. Divorce actions are not specifically mentioned.

Section 28–0405, then provides that:

"In all other cases, subject to the power of the court to change the place of trial as provided by statute, the action shall be tried in the county in which the defendant or one of the defendants resides at the time of the commencement of the action. If such county is attached to another county for judicial purposes, the action shall be tried in the latter county. If none of the defendants shall reside in the state, the action shall be tried in the county which the plaintiff shall designate in the summons."

Insofar as the case under consideration is concerned its venue is to be determined according to the above section. The fact that it is a divorce action in no manner distinguishes it from other cases that are governed by that statute. If the defendant is a resident of the state, the statute vests in her the right to have the action tried in the county of her residence. This is an absolute right. Springer v. Paulson, 72 ND 560, 9 NW2d 440.

It is conceded that at the time the parties separated some five years ago they were both residents of Benson County. A residence once established continues until a new residence is acquired. See 2 Nelson, Divorce & Annulment, 2d ed, p 684; Kennan, Residence & Domicil, p 810; Residence requirements in

Divorce Actions, § 14–0517, RC 1943; Schouler, Marriage, Divorce, Separation & Domestic Relations, 6th ed, §§ 1497 et seq.

The defendant was a resident of Benson County when she lived there with her husband prior to their separation. After that she spent most of her time in Benson County. She worked in another county on a farm for one summer and returned to Benson County. Later she spent a winter in Indiana, after which she again came back to Benson County and obtained employment in a restaurant at York. While at York she maintained a room with a daughter and did light housekeeping until she went to Reedsburg, Oregon, in July, 1945. She had a married daughter in Reedsburg. She worked for a time as caretaker of a small hotel in Reedsburg. After the institution of divorce proceedings she returned to Benson County for a time where she stayed with another daughter. Later she went back to Reedsburg and at the time of the hearing was visiting her daughter in that city. She says that she is still a resident of Benson County. Her absences from Benson County are not inconsistent with her residence there. In view of the fact that her residence in Benson County is clearly established in the first instance and it does not appear that she thereafter acquired a residence elsewhere we can reach no other conclusion but that she is still a resident of Benson County and is entitled to have the case tried in the county of her residence under the provisions of § 28–0405, RC 1943. The order appealed from is reversed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.