June R. HULTBERG, Plaintiff and Appellant,

v.

Henning W. HULTBERG, Defendant and Appellee.

Civ. No. 9346–A.

Supreme Court of North Dakota.

July 11, 1979.

Kenneth M. Knutson, Minot, for plaintiff and appellant.

Robert H. Lundberg, of Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

June R. Hultberg appeals from the district court's judgment that granted her a divorce from Henning W. Hultberg and divided the property belonging to them, and from the district court's denial of her motion to amend its findings of fact, conclusions of law, and judgment. We affirm.

We face this case on appeal for the second time. A statement of the facts can be found in *Hultberg v. Hultberg*, 259 N.W.2d 41 (N.D.1977). In that case we reversed the district court, holding that it had misinterpreted certain rules of law and erred by using a report of a court-appointed appraiser as a basis for dividing the parties' real property without having that report formally introduced into evidence and without allowing the parties to cross-examine the court-appointed appraiser. We remanded the case to the district court and instructed it to make an equitable division of the parties' property. On remand, the district court divided the parties' personal property found in their home and divided the remainder of their property as follows: Mrs. Hultberg was allowed to retain her separately held property, appraised at a value of approximately $200,000; Mrs. Hultberg was awarded jointly held property valued at one-fourth of the total value of such property and appraised at a value of approximately $110,000; and Mr. Hultberg was awarded the remaining jointly held property, valued at three-fourths of the total value of such property, and certain other property, appraised together at a value of approximately $332,500. In dividing the jointly held property the district court awarded specific property to Mr. Hultberg and authorized him to select from the remaining jointly held property enough property to bring the value of the property he received in the property division to 75 percent of the value of all the property jointly held by the couple.

Mrs. Hultberg appeals to this court the district court's order dividing the couple's property. From her brief we have gleaned four issues:

1. Whether the district court erred in considering certain factors when dividing the Hultbergs' property.

2. Whether the district court erred, in allowing Mr. Hultberg to choose part of the couple's jointly held property, after determining the percentage of jointly held property to be awarded to each party.

3. Whether the conclusions of law made by the district court were supported by its findings of fact.

4. Whether the district court's division of the Hultbergs' property was clearly erroneous.

I

In reaching its decision, the district court noted that the Hultbergs owned little property when they began their marriage, but during the marriage they jointly and separately accumulated assets valued at approximately $642,500. Their treatment of these assets, however, was termed by the district court as "somewhat out of the ordinary." Mrs. Hultberg received gifts and inheritances, including parcels of land, during the marriage. She initially held and continues to hold this property separately in her own name. Mrs. Hultberg rented part of the property she inherited to Mr. Hultberg on a share-crop basis. She deposited the rental income received from this land in her separate savings account. Mrs. Hultberg expended almost none of her own inherited or accumulated property on Mr. Hultberg, herself, or their children. Currently, her separately held property is valued at approximately $200,000.

During the marriage, the needs of Mr. Hultberg, Mrs. Hultberg, and their children were satisfied almost entirely with funds

that Mr. Hultberg inherited or, with Mrs. Hultberg's assistance, earned through farming. All of the property accumulated through the Hultbergs' farming efforts, with some exceptions, was held jointly by Mr. and Mrs. Hultberg.

From the district court's memorandum of decision, findings of fact, and conclusions of law, it is clear that, in making its property division—although not expressly so stating—the district court applied the *Ruff-Fischer* guidelines.[1]

Mrs. Hultberg argues that even though the district court applied the *Ruff-Fischer* guidelines, it improperly considered additional factors when dividing their property. These factors included the payment of familial obligations during the marriage solely out of the joint assets of the parties, and never out of the separate assets of Mrs. Hultberg; Mrs. Hultberg's receipt of support during the marriage as partial compensation for her services; and, despite her status as a farm wife, Mrs. Hultberg's accumulation of separate asserts that, had she been single, she would have had to deplete for her own maintenance.

The district court's consideration of these factors, necessitated by the Hultbergs' unusual treatment of their property, was proper because the factors relate to at least three of the *Ruff-Fischer* guidelines. Each of the factors reflects upon the conduct of the parties during their marriage. Each relates to the issue whether the separately or jointly held income-producing property belonging to the parties was acquired before or after the marriage. And, in light of the couple's unique treatment of their property, even if the factors that Mrs. Hultberg alleges were improperly considered did not fall within the above *Ruff-Fischer* guidelines, these factors certainly constituted "such other matters as may be material." *Fischer v. Fischer, supra,* 139 N.W.2d at 847, Syllabus ¶ 7. The district court, then, properly considered these factors to effectuate, pursuant to Section 14-05-24, N.D.C.C., an "equitable distribution of the real and personal property of the parties as may seem just and proper, . . ."[2]

## II

Mrs. Hultberg contends that, by allowing Mr. Hultberg to select jointly held property equal in value to 75 percent of the value of all jointly held property, the district court failed to satisfy its statutory directive to make an equitable distribution of their property. See Sec. 14-05-24, N.D. C.C. We disagree. The district court de-

---

1. This court has sanctioned divisions of property based on the *Ruff-Fischer* guidelines in numerous cases. The most recent is *Rudel v. Rudel,* 279 N.W.2d 651 (N.D.1979), in which we stated:

"In *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107, at page 111 (1952), our court adopted the rule applied by the Supreme Court of Nebraska [in *Holmes v. Holmes,* 152 Neb. 556, 41 N.W.2d 919 (1950), and *Ristow v. Ristow,* 152 Neb. 615, 41 N.W.2d 924 (1950)]: 'In determining the question of alimony or division of property as between the parties, the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and from all such ele-

ments the court should determine the rights of the parties . . .' 52 N.W.2d at 111.

"In *Fischer v. Fischer,* 139 N.W.2d 845, 847 (N.D.1966), in Syllabus ¶ 7 of the court, we added to the guidelines the phrase 'and such other matters as may be material.'" 279 N.W.2d at 654.

2. Mrs. Hultberg asserts that Section 14-07-03, N.D.C.C., supports her argument that the district court acted improperly. She argues that because that provision required that Mr. Hultberg support her during their marriage, the district court could not consider the support that she received from Mr. Hultberg during the marriage as a factor relevant to an equitable property distribution.

Section 14-07-03, N.D.C.C., is inapposite. It deals with the duty of support during marriage, not the division of property upon dissolution of a marriage. Moreover, even though Mr. Hultberg was legally obligated to support Mrs. Hultberg during the marriage, the manner in which he performed this obligation was clearly relevant to an equitable distribution of the couple's property.

termined the percentage of the jointly held property that it would award to each party and left only the designation of specific pieces of property to be resolved by Mr. Hultberg. Mrs. Hultberg contends neither that the appraised value of the jointly held property was erroneous nor that the property she received was less desirable than the property selected by Mr. Hultberg. Moreover, she has failed to show us how this method of distribution has led to an inequitable, unjust, or improper property division. Such a method of distribution might not be appropriate in all cases, but we find no error in its implementation here.

### III

Mrs. Hultberg attacks various conclusions of law made by the district court, arguing that they are not supported by adequate findings of fact.

■ First, she notes that although the district court stated in a conclusion of law that, ". . . the cost of the appraiser, H. A. Swenson, appointed by the Court in the first trial of the action[,] in the amount of $497.28 shall be borne equally by the parties," the findings of fact make no mention of the appraiser's fee. Mrs. Hultberg has forgotten, however, that the parties were ordered to pay the appraiser's fee at the conclusion of the first trial in this matter. Even though this court reversed part of the district court's first decision in *Hultberg v. Hultberg, supra,* the part of the first district court decision addressing the issue of the appraiser's fee was not reversed and therefore remained in effect. Its inclusion in the conclusions of law of the district court after retrial of the property-division issue on remand undoubtedly was unnecessary, but at most repetitive, and by no means constituted reversible error under Rule 61, N.D.R.Civ.P.

Next, Mrs. Hultberg argues that the district court erred in concluding, in its conclusions of law, that the parties were entitled to an absolute divorce, and that Mr. Hultberg "shall deliver to the nearest grain elevator to the credit of the plaintiff one-third (⅓) of all grain raised in the year 1978 upon the real property passing to the plaintiff by the Judgment herein." She argues that the district court failed to make findings of fact relating to either conclusion.

■ Mrs. Hultberg, as plaintiff, initially sued Mr. Hultberg for, among other things, a separation from bed and board. Mr. Hultberg answered and counterclaimed, praying for, among other things, an absolute divorce. Mrs. Hultberg then answered Mr. Hultberg's counterclaim and prayed that his prayer for an absolute divorce be granted. Even if we assume that the district court erred in the procedure by which it granted the absolute divorce, we cannot conclude that Mrs. Hultberg was prejudiced thereby. See *Fine v. Fine,* 248 N.W.2d 838 (N.D.1976). She herself requested an absolute divorce—in other words, she got exactly what she asked for.

■ To understand the district court's conclusion requiring Mr. Hultberg to credit one-third of his grain receipts to Mrs. Hultberg, we must hark back to an order of the district court issued prior to its first decision. In that order the district court stated:

"That the defendant have possession of all of the farm properties owned jointly between the plaintiff and defendant, together with all of the buildings (excepting the home of the parties which is provided for above), machinery, tools and livestock during the pendency of this action."

This order was superseded by the district court's first judgment, but apparently was reinstated by this court's reversal of that decision. In any event, until a judgment was entered on order of another district judge following trial on remand, Mr. Hultberg remained in possession of part of the jointly held property, apparently without objection on the part of Mrs. Hultberg. The district court's conclusion relating to the 1978 grain harvest, then, reflects an attempt to reimburse Mrs. Hultberg for Mr. Hultberg's use during 1978 of property awarded to her by the district court as part of its property division. As we stated

above with regard to the absolute divorce, Mrs. Hultberg was not prejudiced by the granting to her of the credit representing one-third of Mr. Hultberg's grain harvest on her land. See *Fine v. Fine, supra.*

## IV

Finally, Mrs. Hultberg attacks the district court's division of property. She concedes that in our review of the district court's property division we are bound by the "clearly erroneous" standard. Rule 52(a), N.D.R.Civ.P.; *Rudel v. Rudel, supra,* at fn. 1. Mrs. Hultberg argues that the district court's division of property is inequitable and is therefore clearly erroneous. The district court initially announced its decision in a memorandum of decision and subsequently issued findings of fact and conclusions of law.[3]

We may look to the memorandum of decision "to help elucidate the formal findings of fact" made by the district court. *Rummel v. Rummel,* 265 N.W.2d 230, 234 (N.D. 1978). In its memorandum of decision, the district court made findings explicitly or implicitly on each of the *Ruff-Fischer* guidelines.[4] Our examination of the record reveals that those findings, and the resultant division of property, are not clearly erroneous.

The decision of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

3. Mrs. Hultberg moved to amend the district court's findings of fact and conclusions of law, but the district court declined, stating in an order entitled "Supplemental Decision" that, "generally speaking, the findings and memorandum opinion are adequate as they stand." Quite frankly, reasonable explanations for the district court's refusal to amend elude us. For example, Mrs. Hultberg pointed out to the district court that its findings of fact designated her automobile as an Oldsmobile, whereas evidence in the record established that it was a Dodge Dart. We agree that the district court erred in referring to her car as an Oldsmobile. Although the error was not reversible error because it did not affect the substantial rights

of the parties [Rule 61, N.D.R.Civ.P.; *Porter v. Porter,* 274 N.W.2d 235 (N.D.1979)], the district court should have amended its findings of fact to eliminate the erroneous reference.

Again, as we have done in cases too numerous to cite, we implore the lower courts to issue in future cases findings of fact adequate for us to understand the factual issues resolved by those courts.

4. Even though the district court did not utter the magic phrases from the *Ruff-Fischer* guidelines, the excellent discussion of the circumstances surrounding the Hultbergs' marriage indicates that it considered those guidelines in making the property division.