**Mary J. ANDERSON, Plaintiff and Appellant,**

v.

**Charles D. ANDERSON, Defendant and Appellee.**

**Civ. No. 11,160.**

Supreme Court of North Dakota.

July 16, 1986.

Vogel Law Firm, Mandan, for plaintiff and appellant; argued by Anne E. Summers.

Stenehjem, Foss & Moore, Bismarck, for defendant and appellee; argued by Sherry Mills Moore.

MESCHKE, Justice.

In *Anderson v. Anderson,* 368 N.W.2d 566 (N.D.1985), we reversed and remanded to permit the parties to present evidence on the value of the farmland and for a "redetermination of the property division taking into consideration that the farmlands and mineral interests are part of the marital estate."

On remand, by agreement of the parties, the undivided one-sixth interest in farmland was sold for $33,089 and the proceeds put in escrow pending a judgment which "determines and designates the person entitled" thereto. Mary acquiesced in the $37,-876 value given by Charles at the trial for the mineral rights.

The trial court determined "the value of the inherited real estate with minerals to be ... $70,000 and is a part of the marital estate." Also, "[t]he Court further finds that the defendant inherited this property prior to his marriage, retained ownership in his own name, and never used any of the marital assets to enhance the value thereof through the course of the marriage." Without attention to any other factors and without further explanation, the trial court concluded that "it would be inequitable to award a portion of the property to" Mary.

We conclude that the trial court mistook our directions on remand. The unexplained conclusion is the same as the one we rejected in our prior opinion: "It is unnecessary for the Court to use this asset in order to equalize the division made to the parties in this case."

■ Inherited property can be divided between spouses to make an equitable division of property between them. *Winter v. Winter*, 338 N.W.2d 819 (N.D.1983). As this Court explained in *VanRosendale v. VanRosendale*, 342 N.W.2d 209 (N.D.1983) at 213:

"Standing alone, however, the fact that [Charles] brought the property into the marriage and that the property was self-sustaining during the marriage does not justify the wide disparity in value between [Charles'] distribution and [Mary's] distribution. That is only one factor for the court to consider in determining what is equitable."

In *VanRosendale*, this court had remanded for determination of values and explanation of the reasons for the division. 333 N.W.2d 790 (N.D.1983). After remand, we found the reasons given sufficient to confirm a disparate distribution. 342 N.W.2d 209 (N.D.1983). $194,000 in value of property was awarded to one spouse, which included $160,000 in value of her inherited property, while $90,000 in value of marital property was distributed to the other spouse, which included substantial income-producing property. That was a marriage of only eight years, without children, where there was no apparent additional disadvantage of disparity in earnings.

Here, the circumstances differ considerably. This record does not show an equal division, nor explain the significant disparity in property division.

The parties lived in a home on this land until 1976, and Charles farmed it for his family for a number of years. Mary's role was essentially a homemaker. It was a seventeen year marriage with three minor children. Other property accumulated during the marriage was relatively limited: $8,000 equity in a home (with a remaining $39,000 mortgage) and $12,000 in personal property (including a 1978 car) awarded to Mary, together with $1,200 for attorneys fees; and, $8,000 in an employer's savings account (not including any value for an unvested pension) and $8,200 in personal property (including a 1977 pickup) awarded to Charles.

In divorce cases, our statute commands an "equitable distribution" which is "just and proper." A basic dictionary definition of "equitable" is "fair to all concerned." *Webster's Third New International Dictionary*, 1971. See *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966) ("fair and equitable").

■ After seventeen years of marriage and three children, there is nothing fair in leaving the homemaker spouse with a share of accumulated property which is less than one-fourth ($20,000) of that set aside to the other spouse ($16,000 + $70,000 = $86,000). Less property, less earnings, and more responsibility for the children, while shouldering the greatest debt ($390 per month mortgage payments on the home), is not "fair to all concerned." This record simply does not support the wide disparity in the division of property. *Volk v. Volk*, 376 N.W.2d 16 (N.D.1985).

The disparity in property division is compounded by a significant disparity in earning power, where Mary is significantly disadvantaged by the divorce. Charles' annual earnings were $43,000 at the time of trial. Mary is qualified as a school teacher,

but she has no significant earning history and since 1974 has only been employed as a part-time substitute. While the trial court awarded $300 per month for three years to Mary for rehabilitative support (in addition to providing child support of $225 per month for each of three children), this barely tempers the wide disparities and the gross disadvantage to Mary.

Charles seeks to offset the disparate property division by arguing evidence of a $32,500 "debt" to his mother. But the record is far from clear on whether this is a true debt, or simply an advance on his inheritance from his mother. It was not evidenced by any note or writing, and no interest rate has been established. There is no evidence that the debt to the mother must be repaid and there is evidence that it will be deducted from Charles' inheritance if not repaid.

In our prior opinion, we did notice that evidence indicated "remaining debts were approximately $35,000." But, neither in its original Memorandum Opinion, its Findings of Fact, nor in its Order for Judgment on Remand, did the trial court identify this "debt" as a reason justifying a greater division of property to Charles. If such an arrangement is to affect property division between spouses, it should be clearly evidenced and specifically determined. It was neither. Therefore, we cannot view this "debt" as the controlling consideration in the property division even if it is comprehended in the trial court's conclusion: "[Charles] is hereby ordered to pay all of the debts of the parties with the exception of the mortgage on the home." Furthermore, even if this amount were given full credence as a "debt", it still would not fairly equalize the division of property: over $50,000 in net value of property is set aside to Charles while only $20,000 is set aside to Mary.

While a property division need not be equal in order to be equitable, any substantial inequality must be explainable. No adequate explanation for the inequality has been advanced in this case. When there is substantial property preserved through a marriage of long duration and the *Ruff-Fischer* guidelines do not otherwise call for unequal treatment, it is clearly erroneous to divide the property so disparately. In a marriage of substantial duration, where one spouse has largely fulfilled a homemaker role and the other spouse has been the provider, a proper application of the *Ruff-Fischer* guidelines does not justify such significantly disparate division.

We do not ordinarily act on division of property. But see *Sanford v. Sanford*, 301 N.W.2d 118 (N.D.1981). But, for economy and finality of this litigation, we redetermine the property division. To better equalize division of the marital property, balanced with fitting consideration of the family "debt," we remand with instructions that Mary is to receive one-third of the farmland proceeds held in escrow and one-third of the mineral rights, in addition to the property set aside to her by the trial court.

ERICKSTAD, C.J., and LEVINE, J., concur.

GIERKE, J., concurs in the result.

VANDE WALLE, Justice, concurring specially.

I agree that under the particular facts of this case the failure to award any of the property inherited by Charles to Mary resulted in an inequitable distribution of the property. If the other marital assets were of greater value and if Mary had received property which provided her with a greater means by which to maintain herself and her children, I might view this matter differently. As Justice Meschke notes in the majority opinion, the facts of this case distinguish it from *VanRosendale v. VanRosendale*, 342 N.W.2d 209 (N.D.1983), and similar cases.

When we have determined that the distribution made by a trial court is inequitable, I have favored a remand to the trial court for the purpose of reaching an equitable distribution as opposed to a distribution of the marital assets by this court. See my dissent in *Sanford v. Sanford*, 301 N.W.2d

118, 129 (N.D.1980). In that dissent, however, I recognized that there may be some instances in which, because there is little property to distribute and only one equitable method of distribution, a distribution by this court is justified. There is certainly little property to distribute here other than the proceeds of the sale of the farm land and the interest in minerals. Because we are not a trial court and have no direct method of learning the pitfalls which are created by a distribution of property at this level, I am uncomfortable with our distribution of the property. This case, however, appears to me to be one of the instances referred to in my dissent in *Sanford* which justifies that action and I therefore concur in the result reached by the majority opinion.