Pamela Lyn KEATING, Plaintiff and Appellee,

v.

Paul Richard KEATING, Defendant and Appellant.

Civ. No. 11331.

Supreme Court of North Dakota.

Jan. 20, 1987.

Teevens, Johnson, Montgomery, Minot, for plaintiff and appellee; argued by Bruce Montgomery.

Haugland & Heustis, Devils Lake, for defendant and appellant; argued by Evan F. Heustis.

LEVINE, Justice.

Paul Keating appeals from an order denying his motion for change of venue. We reverse.

Pamela and Paul Keating were married on March 30, 1970 and made their home in Devils Lake. In August 1985 the couple separated with Pamela moving to Minot. A divorce action was instituted by Pamela on June 10, 1986 in Ward County. Paul filed a demand accompanied with a timely motion for change of venue to the Ramsey County district court in Devils Lake. In an affidavit in support of his motion, Paul stated that he was a resident of Ramsey County at the time the summons and complaint were served upon him.

On July 30, 1986 the Ward County district court granted Paul's motion for change of venue. However, on August 5, 1986 the Ward County district court reversed itself and ordered that the case be returned from Ramsey County because "this court inadvertently issued the order prior to the expiration of permitted time for response to the motion for change of venue." After receiving Pamela's affidavit and brief in resistance to the motion, the Ward County district court issued its amended order denying change of venue. Paul appeals from this order.

▮ Venue in a divorce action is governed by North Dakota Century Code § 28–04–05 which provides that the action shall be tried in the county in which the defendant resides at the time of the commencement of the action. *Summers v. Summers*, 74 N.D. 741, 24 N.W.2d 688 (1946). Where an action, properly triable in the county of the defendant's residence,

is begun in another county, the defendant on proper demand is entitled to a change of venue as a matter of right. *American State Bank of Dickinson v. Hoffelt*, 236 N.W.2d 895, 898 (N.D.1975); *Ott v. Kelley*, 64 N.D. 361, 252 N.W. 269 (1934).

Residence is a question of fact and therefore subject to the clearly erroneous standard of review. *Dietz v. City of Medora*, 333 N.W.2d 702, 705 (N.D.1983); *George v. Compson*, 251 N.W.2d 743, 745 (N.D.1977). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *George v. Compson, supra* at 746.

Because of Paul's right to have the action heard in the county where he resided at the time of the commencement of the action, we assume that the district court found that Paul was not a resident of Ramsey County on June 10, 1986. The only evidence before the district court on the issue of residence were the affidavits filed by the parties. Our review of the affidavits leaves us with the definite and firm conviction that the trial court erred in finding that Paul was not a resident of Ramsey County on June 10, 1986.

In Paul's affidavit in support of his motion for change of venue, dated June 13, 1986, he asserted that "[a]t the time the Summons and Complaint was served upon him, he was, and still is, a resident of Ramsey County, North Dakota." Pamela's affidavit, dated August 7, 1986 does not dispute this fact. Rather, she asserted the following:

"III.

"That well before the time that this action was commenced with the service of the Summons and Complaint, the Defendant had quit his job in Devils Lake and had accepted a new job in Aberdeen, South Dakota, put the house up for sale,

and had a guarantee from his employer wherein his employer would buy the house if Defendant could not sell it for a higher price;

"IV.

"That prior to the commencement of this action, the Defendant had also indicated that he was in the process of moving and that he would now be living in Aberdeen, South Dakota;

"V.

"That the Defendant has in fact started work at his new job in Aberdeen, South Dakota, and has taken his belongings, furniture, etc., to South Dakota."

Paragraphs III and IV indicate that Paul was in the process of moving to Aberdeen, South Dakota, before the action was commenced. However, taking preliminary steps to effectuate a move does not establish a change in residence. *See Bernhardt v. Dittus*, 265 N.W.2d 684 (N.D.1978).

In *Bernhardt* a small claims action was commenced by Dittus in the Stark County small claims court to recover amounts allegedly due from Bernhardt for labor and materials provided by Dittus in the construction of a new house for Bernhardt. The action was filed in Stark County because Dittus believed that Bernhardt was residing in his new house in Stark County. Bernhardt moved to have a default judgment against him vacated on the ground that he was not a resident of Stark County and therefore was not subject to the jurisdiction of the Stark County small claims court. In holding that the Stark County small claims court lacked subject matter jurisdiction over the action, we stated:

"The undisputed evidence presented at the hearing before the district court established that at the time Dittus commenced his action in the Stark County Small Claims Court, Bernhardt was residing in his home in Dunn County. Al-

though Bernhardt may have had the intent at that time to move within the near future to a new house in Stark County, the evidence clearly established that Bernhardt had not yet moved. Bernhardt was therefore a resident of Dunn County. § 54–01–26, N.D.C.C. [citations omitted]." *Bernhardt v. Dittus*, 265 N.W.2d at 686.

 The statute relied on in *Bernhardt, supra*, NDCC § 54–01–26, provides rules for determining residence. Subsections 2 and 3 provide that a person can have only one residence and it cannot be lost until another is gained. Subsection 7 provides that residence can be changed only by the union of act and intent. Also, under NDCC § 31–11–03(40), there is a legal presumption against a change of residence. The burden of proving a change of legal residence is on the person alleging the change. *Dietz v. City of Medora, supra.*

Pamela must prove three elements to establish Paul's change of residence on or before June 10, 1986: (1) abandonment of the old domicile, (2) actual removal to a new domicile, and (3) intent to change from the old to the new and to remain at the new domicile.[1] *Dietz v. City of Medora, supra. See also Northwestern Mortgage & S. Co. v. Noel Const. Co.*, 71 N.D. 256, 300 N.W. 28, 32 (1941) (the domicile of one who is on his way from an old to a new home continues to be the old domicile until the new one is reached).

 While paragraphs III and IV of Pamela's affidavit state that Paul had intended to move and had taken steps to do so before June 10, 1986, they do not assert that he had actually moved to Aberdeen on or before June 10, 1986. Paragraph V is irrelevant because it states that Paul had moved at the time the affidavit was filed, August 7, 1986, and we are concerned only with Paul's residence on June 10, 1986, the

date the action was commenced. Nowhere in Pamela's affidavit is it disputed that Paul was a resident of Ramsey County on June 10, 1986. Based upon the only evidence before it, the parties' affidavits, the Ward County district court erred in finding that Paul was not a resident of Ramsey County and in denying Paul's motion for change of venue.

Pamela argues that the divorce action should be tried in Ward County because the children are living with her in Minot where they will be more readily accessible for home studies, evaluations, hearings, etc. Pamela also argues that requiring the parties, the children, and the witnesses to travel to Devils Lake, where none of the parties presently resides, is an undue hardship and a distortion of justice.

 The court may change the place of trial to promote the convenience of witnesses and the ends of justice. NDCC § 28–04–07(3). However, proper practice requires such showing to be presented in the court in which the defendant has a right to have the case heard. *American State Bank of Dickinson, supra* at 899; *Ott v. Kelley, supra.* Accordingly, the district court of Ramsey County would be the proper court to entertain a motion for change of venue pursuant to NDCC § 28–04–07(3).

The amended order of the district court of Ward County denying a change of venue is reversed.

GIERKE, Acting C.J., VANDEWALLE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of ERICKSTAD, C.J., disqualified.

---

1. The term "residence" as employed by the Legislature in NDCC § 54–01–26 is synonymous with "domicile." *See City of Enderlin v. Pontiac Township*, 62 N.D. 105, 114, 242 N.W. 117, 121 (1932).