**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kevin YAGOW, Defendant and Appellant.**

Cr. No. 870359.

Supreme Court of North Dakota.

May 17, 1988.

Wayne P. Jones, State's Atty., Lisbon, for plaintiff and appellee.

Rudolph Lion Zalowitz, Elizabeth, N.J., for defendant and appellant. Appearance by DeLayne G. Nassif.

MESCHKE, Justice.

Kevin Yagow appealed from a jury conviction of possessing alcohol while under age. He argued that the State did not prove his possession, that the judge acted improperly, that the sheriff's presence at the State's counsel table was prejudicial, and that his sentence was improper. We affirm.

Yagow argued that the State did not prove his possession of an alcoholic beverage. But, Yagow's possession was well

substantiated by both circumstantial and direct evidence.

During trial, the judge made an inappropriate remark to Yagow's counsel while ruling on an objection to his cross-examination:

"THE COURT: Well you're—first of all you're arguing with the witness to some degree, but if you're—word your question properly and not attempt to in any manner trick—if you're trying to trick the witness, why I'm gonna stop you, but you go ahead.

"MR. ZALOWITZ: Your Honor, forgive me, at this moment I'm going to arise and say that at this moment I ask you to declare a mistrial. When you uttered the statement, I tried to trick. Sir, I am an attorney. Equal with brotherhood to you are sir. Would you kindly at this moment—

"THE COURT: I said—

"MR. ZALOWITZ: —sir, withdraw that statement from the record.

"THE COURT: I did not say that you were trying to trick, but I said that if you do—

"MR. ZALOWITZ: Trick. You said that work, trick. T–R–I–C–K. That's a devious statement. You impute my integrity. I'm asking you to recuse yourself from this case now.

"THE COURT: Motion denied."

Yagow argued that this, as well as a later instruction to his counsel to avoid rambling,[1] prejudiced Yagow with the jury. Before final arguments, the trial judge apologized for saying "trick" and instructed the jury to disregard it.[2]

Our Rules of Judicial Conduct address proper courtroom behavior by a judge:

"RULE 3. A JUDGE SHALL PERFORM THE DUTIES OF THE JUDICIAL OFFICE IMPARTIALLY AND DILIGENTLY

" . . .

"(3) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals as a judicial officer, . . ."

Although we do not condone inappropriate conduct by a trial judge, our disapproval is not always sufficient cause for new trial. When the conduct of a judge is questioned, we look to the impact that conduct had on the fairness of the trial. *See State v. Weippert,* 237 N.W.2d 1, 5 (N.D.1975).

■ We recognize that the trial court must control the manner of interrogation and presentation in the courtroom.[3] Isolat-

---

1. "THE COURT: But if you keep on rambling way out in left field, I am not going to let you ramble on, but at this point you'll have your chance to argue to the jury.

"MR. ZALOWITZ: Forgive me, Your Honor. Once again I'm going to ask the Court to recant on the word rambling. I'm here, dedicated. I'm not rambling. I'm an attorney that's been here in this system all my life. I am asking specific, incisive questions. If Your Honor wishes to call them rambling, then everybody in this courtroom has been rambling. I pray not you.

" . . .

"THE COURT: At this point, yes.

"MR. ZALOWITZ: Charged with rambling?

"THE COURT: At this point—

"MR. ZALOWITZ: I don't think you really meant it. Because when I see your smile, sir, I know that you really don't believe that.

"THE COURT: Let's stick to the issue.

"MR. ZALOWITZ: I am not rambling.

"THE COURT: Stick to the issue.

"MR. ZALOWITZ: For if you wish to continue to caution me on rambling, I'm going to ask you once again to recuse yourself. I ask for a mistrial."

2. "THE COURT: . . . The motion for a mistrial will be denied, and I'd like to state at this time, Mr. Zalowitz, and jury, that I would acknowledge that the use of the term, even if it was in the future tense of 'trick' or 'tricked', it may well be inappropriate, and I'll ask that you disregard it and I apologize for using that term. It could well be inappropriate even if I was referring to future so that will stand. . . ."

3. NDREv 611(a) reads:

"MODE AND ORDER OF INTERROGATION AND PRESENTATION

"(a) Control by Court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

ed comments by a trial judge are seldom sufficient to make a trial unfair. The circumstances must be considered. *See State v. Olmstead,* 261 N.W.2d 880, 885 (N.D. 1978) ("We do not attribute a bad motive to a remark by an experienced, capable trial judge, made at the conclusion of a difficult trial during which he displayed complete fairness. The statement was, at most, undiplomatic.").

While Yagow's attorney was from another state and represented Yagow *pro bono publico,* he was entitled to no less, and no more, deference than a resident and retained attorney. At trial, Yagow's attorney chose the jury with the aid of a mystic, made sycophantic references to the courtroom actors, and generally created a theatrical air. This context suggests some control was needed. We consider the trial court's comments accordingly.

■ We do not deem the ill-considered comment about a trick question to have been sufficiently prejudicial to compel a new trial. The trial judge apologized. He asked the jury to ignore the inappropriate remark. We do not read this record as showing that the judge's remarks biased the jury against the defendant. The conviction was clearly supported by the evidence. We conclude that the trial court's animadversity did not prejudice Yagow.

■ Yagow argued that the jury was intimidated by the presence of the sheriff at the State's counsel table. When the presence of the sheriff was questioned and objected to by Yagow's attorney, the trial court made the sheriff move. We see no error in that.

■ Finally, Yagow argued that the judge penalized him for exercising his right to a jury trial. Before sentencing, the trial court said:

"[Y]ou are entitled to a jury trial, and that should not be held against you and I'm not going to hold it against you, because you put the State to the expense and the County to the expense of a jury trial. However, I do take the position, and always have, and as defense counsel, that when a person comes in to Court with hat in hand, and says, 'I plead guilty, I'm guilty, and I'm ready to take the punishment that you're going to give me,' well then they're entitled, I feel, to consideration. Every consideration you can give them. If you come in and fight and kick every mile of the way and take every right that you have, you're entitled to it, but then when you get done, how much mercy are you entitled to. Should you be treated the very same as the young people that come in here and say, 'Yeah, I did it. I'm guilty and I'll pay my dues'? I think not. And I take that position."

Yagow was fined $300 under NDCC 5–01–08 [4] and 12.1–32–01(6) [5] and was assessed administrative costs of $125.[6]

4. NDCC 5–01–08 reads:

"5–01–08. *Persons under twenty-one years of age prohibited from entering licensed premises —Penalty—Exceptions—Referrals to addiction facilities.* Except as permitted in this section and section 5–02–06, any person under twenty-one years of age purchasing, attempting to purchase, or being in possession of alcoholic beverages, or furnishing money to any person for such purchase, or entering any licensed premises where alcoholic beverages are being sold or displayed, except a restaurant when accompanied by a parent or legal guardian, or in accordance with section 5–02–06, or if the person is a law enforcement officer entering the premises in the performance of official duty, is guilty of a class B misdemeanor and shall, if a fine is imposed, *be fined not less than three hundred dollars.* The court may, under this section, refer the person to an outpatient addiction facility licensed by the department of health for evaluation and appropriate counseling or treatment." (Emphasis added).

This section has since been amended, deleting the minimum fine. *See* 1987 N.D.Sess.Laws, ch. 97, § 1.

5. NDCC 12.1–32–01(6) reads:

"*Classification of offenses—Penalties.* Offenses are divided into seven classes, which are denominated and subject to maximum penalties, as follows:

"...

"6. Class B misdemeanor, for which a maximum penalty of thirty days' imprisonment, a fine of five hundred dollars, or both, may be imposed."

6. *See* NDCC 29–26–22.

A judge cannot penalize a defendant for standing trial rather than pleading guilty. *State v. Hass*, 268 N.W.2d 456, 463 (N.D. 1978). *See also State v. Pickett*, 375 N.W. 2d 105 (Minn.App.1985) (punishing a defendant for exercising his constitutional rights is a chilling tantamount to being deprived of them). *Hass, supra*, cited *State v. Nichols*, 247 N.W.2d 249 (Iowa 1976), where the trial court made similar comments. The Iowa Supreme Court declared:

"... the fact a defendant has exercised the fundamental and constitutional right of requiring the state to prove at trial his guilt as charged and his right as an accused to raise defenses thereto is to be given no weight by the trial court in determining the sentence to be imposed after the defendant's guilt has been established." *Id.* at 255.

To determine whether that impermissible factor swayed the sentencing, we examine the sentence imposed in the light of the entire record. *See State v. Weippert*, 237 N.W.2d at 6.

The fine was the statutory minimum. The trial court followed the recommendation of the State's Attorney in fixing the amounts of the fine and costs. *See Nichols*, 247 N.W.2d at 255; *State v. Mollberg*, 310 Minn. 376, 246 N.W.2d 463, 471 (1976). We are not convinced that the amounts of the fine and costs were influenced by an impermissible consideration.

We affirm the conviction and the sentence.

ERICKSTAD, C.J., and GIERKE, VANDE WALLE and LEVINE, JJ., concur.