**Allan R. OPOIEN, Plaintiff and Appellant,**

v.

**Ruth OPOIEN, now known as Ruth Nesheim, Defendant and Appellee.**

**Civ. No. 880002.**

Supreme Court of North Dakota.

June 28, 1988.

Ronald M. Dosch and Lonnie Olson, Dosch Law Office, Devils Lake, for plaintiff and appellant.

J. Thomas Traynor, Jr., of Traynor, Rutten & Traynor, Devils Lake, for defendant and appellee.

VANDE WALLE, Justice.

Allan Opoien appealed from an order denying his motion to modify the judgment of

divorce which dissolved the marriage between him and Ruth Opoien. We affirm.

The marriage between Allan and Ruth was dissolved by a judgment of divorce in 1985. At the time of the divorce Allan was age 59 and Ruth was age 53; they had been married for 35 years. Allan was employed as a superintendent at the Tolna, North Dakota, Public School and had a gross annual income of approximately $36,-400. Ruth was employed as a licensed practical nurse and had a gross annual income of approximately $7,200. During the course of the marriage Allan had accrued retirement benefits in his work as a teacher and school administrator which were worth approximately $800 per month at the time of divorce. During the course of the marriage Ruth had been primarily a homemaker.

At the divorce proceedings the parties stipulated to a partial distribution of property and submitted the following requests by Ruth to the trial court: (1) for $500 "alimony" per month, (2) for $4,000 used to purchase a car after the parties separated, and (3) for attorney fees. The stipulation did not discuss Allan's retirement benefits.

In considering Ruth's request for "alimony"[1] the divorce court recited the factors to be considered when "alimony" is requested. In particular the court noted in its memorandum opinion that because of Ruth's age it was unlikely that her earning capacity would improve. The court also stated that it was unlikely that Ruth "could be rehabilitated at age 53 to enable her to obtain employment and earn retirement benefits equal to [Allan's] employment and retirement benefits or equal to the benefits which she would have had if the marriage

had continued ..." In discussing Allan's accrued retirement benefits the court stated that "During the years of their marriage this retirement money was deducted from [Allan's] check each month. In effect, [Ruth] also contributed to this fund and is entitled to its benefits." The court proceeded to award Ruth "alimony of $400.00 per month" until she reaches age 62 when that amount is to decrease to $250 per month.

Approximately one year after the divorce proceedings Ruth remarried. Allan then ceased making "alimony" payments. Ruth commenced an action in county court to collect those payments. Subsequently, Allan moved in the district court for a modification of the divorce judgment eliminating his duty to pay "alimony" because of Ruth's remarriage. The trial court denied this motion. It is from that order that Allan appealed.

Under the circumstances here present, the determination of the meaning of the divorce court's award of alimony is a mixed question of fact and law.[2] Questions of fact are reviewable pursuant to Rule 52(a), N.D.R.Civ.P. Conclusions of law are fully reviewable. *Nygaard v. Robinson,* 341 N.W.2d 349 (N.D.1983).

Allan contends that the trial court erred in determining that the divorce court's award of $400 per month "alimony" was a distribution of property and therefore not subject to modification. See, e.g., *Wikstrom v. Wikstrom,* 359 N.W.2d 821 (N.D. 1984). We disagree.

The trial court determined that the divorce court's award of "alimony" was intended to provide for "an equitable distribution of retirement benefits."[3] In reach-

---

**1.** "Alimony" is an inherently ambiguous term, for which a more specific term—e.g., permanent spousal support, rehabilitative spousal support, property distribution, or child support—should be substituted. *Rustand v. Rustand,* 379 N.W.2d 806 (N.D.1986). We use "alimony" in our opinion only because it was the term used by the lawyers in the divorce proceeding and by the trial court in its judgment of divorce.

**2.** The motion to modify the judgment of divorce and the original divorce proceeding in this case were heard by different judges due to the retire-

ment of the judge who presided at the original proceeding.

**3.** Allan has not argued that a retirement benefit is not property which is subject to distribution by the court pursuant to Section 14–05–24, N.D. C.C. See, e.g., *Delorey v. Delorey,* 357 N.W.2d 488 (N.D.1984). Unless the divorce court's award is considered to be in the nature of additional property distribution, no provision was made for its distribution because the stipulation of the parties was silent with respect thereto. But Section 14–05–24 appears to place an af-

ing this decision the trial court was greatly influenced by the divorce court's statement regarding Allan's retirement benefits, that "During the years of their marriage the retirement money was deducted from [Allan's] check each month. In effect, [Ruth] also contributed to this fund and is entitled to its benefits." This led the trial court to conclude:

> "The retirement deduction from [Allan's] income during the approximately 35 long years of marriage each month was money that if it had not been deducted for retirement would have been available for the family to spend supporting the children, supporting the family purposes and also accumulations of property, and that was money which in effect [Ruth] contributed to the fund by in a sense suffering its absence from the family regular income."

Thus the trial court determined the divorce court's award of "alimony" was a distribution of property.

▮▮▮ Allan contends that the divorce court's award of "alimony" was an award of spousal support because a major consideration of the divorce court was the disparate earning capacities of Allan and Ruth. This argument fails to recognize that consideration of the divorcing parties' earning abilities is one of the *Ruff–Fischer* guidelines [*Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966)] which are utilized when considering either the equitable distribution of property or the award of spousal support. See, e.g., *Volk v. Volk*, 376 N.W.2d 16 (N.D.1985) [utilizing the guidelines to analyze property distribution], and *Mees v. Mees*, 325 N.W.2d 207 (N.D.1982) [utilizing the guidelines to analyze an award of spousal support]. Thus the divorce court's consideration of the parties' earning capacities does not indicate that the "alimony" award was intended to be spousal support.

Allan also argues that the "alimony" was spousal support because the divorce court ordered it to be reduced from $400 per month to $250 per month when Ruth reach-

es age 62. He argues that it cannot be property distribution because such a scheme would give Allan a greater share of the retirement benefits. However, we have previously noted that Section 14–05–24, N.D.C.C., which provides for the distribution of property in a divorce, requires only an "equitable distribution" of property, and that a distribution need not be equal to be equitable. See, e.g., *Volk v. Volk, supra,* and *Routledge v. Routledge,* 377 N.W.2d 542 (N.D.1985). In this case the divorce court in making its distribution may well have taken into consideration the fact that, as Allan notes, the distribution was to begin immediately rather than at the time when Allan begins to receive his retirement benefits. The divorce court may also have considered that because Ruth was 53 years old and Allan was 59 years old, it is likely that Ruth would receive these benefits for a greater number of years than would Allan. Thus, because a distribution of property does not need to be equal in order to be equitable, we reject Allan's contention that his receipt of a greater share of the retirement benefits at a later date indicates the "alimony" was intended to be in the nature of spousal support rather than property distribution.

We agree with the trial court that an analysis of the divorce court's memorandum opinion and judgment of divorce sufficiently indicates that the divorce court intended that the "alimony" was to accomplish an equitable distribution of the retirement benefits, pursuant to the directive of Section 14–05–24 that the court make an equitable distribution of property in a divorce. Thus we agree that the "alimony" was a distribution of property and therefore was not subject to modification.

The order is affirmed.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

firmative duty on trial courts to distribute all property of the parties equitably. *Delorey, su-*   *pra* (Vande Walle, J., concurring specially).