**Candace Sue HABBERSTAD, Plaintiff and Appellee,**

v.

**Mark Arlyn HABBERSTAD, Defendant and Appellant.**

**Civ. No. 890050.**

Supreme Court of North Dakota.

Aug. 28, 1989.

Fleming, DuBois & Trenbeath, Cavalier, for defendant and appellant; argued by Lawrence D. DuBois.

Wayne T. Anderson (argued), Fargo, for plaintiff and appellee.

LEVINE, Justice.

Mark Arlyn Habberstad appeals from a judgment of divorce from Candace Sue Habberstad primarily on the ground that the trial court lacked subject-matter jurisdiction. We affirm.

In November 1986, Candace moved to Omaha, Nebraska, where she continues to live. In August 1987, she sued for divorce in North Dakota and served Mark by publication. Prior to trial, Mark moved to dismiss for lack of subject-matter jurisdiction because Candace was not a North Dakota resident as required by NDCC § 14–05–17. Candace filed a return to the motion to dismiss, along with an affidavit attesting that she had not established a permanent residence outside of North Dakota. A pre-trial hearing was held, and the motion to dismiss was denied.

At trial, Mark renewed his motion to dismiss, and the motion was again denied. The trial court, concluding it had subject-matter jurisdiction and jurisdiction over the parties, granted the divorce, awarded custody of the Habberstads' child to Candace, and divided the parties' property. Judgment was entered on December 14, 1988, from which Mark appeals.

Mark first asserts that the trial court erred in denying his motion to dismiss because Candace's change of residence deprived the trial court of subject-matter jurisdiction. Candace maintains that her intent was that North Dakota remain her State of residence. Mark counters that her move to Nebraska belies that intent.

District courts are granted subject-matter jurisdiction to entertain divorce actions by the constitution and laws of this State. *Byzewski v. Byzewski,* 429 N.W.2d 394, 397 (N.D.1988). In North Dakota, a divorce may not be granted unless "the plaintiff in good faith has been a resident of the state for six months next preceding the entry of the decree of divorce." NDCC § 14–05–17; *Byzewski, supra; Shulze v. Shulze,* 322 N.W.2d 250, 252 (N.D.1982). Legal residence is a question of fact to be determined by the fact finder and to be reviewed according to the clearly erroneous standard of Rule 52(a), NDRCivP. *Dietz v. City of Medora,* 333 N.W.2d 702, 705 (N.D.1983); *George v. Compson,* 251 N.W.2d 743, 745 (N.D.1977).

The controlling North Dakota statute on the issue of residence provides, in part:

"Every person has in law a residence. In determining the place of residence, the following rules shall be observed:

1. It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose.

2. There can only be one residence.

. . . . .

7. The residence can be changed only by the union of act and intent." NDCC § 54–01–26.

Under NDCC § 31–11–03(40), there is a rebuttable presumption against a change of residence. The burden of proving a change of legal residence is on the person alleging the change. *Keating v. Keating,* 399 N.W.2d 872, 875 (N.D.1987); *Dietz, supra.* In order to establish Candace's change of residence, Mark must prove three elements: (1) abandonment of the old domicile, (2) actual removal to a new domicile, and (3) intent to change from the old to the new and to remain at the new domicile. *Keating, supra; Dietz, supra.*

■ There was no testimony at the pretrial hearing on the motion to dismiss, but the trial court considered the affidavits of the parties on the issue of Candace's residency. The attorneys for the parties also presented oral argument.

In her affidavit, Candace stated that she accepted her employer's offer of employment in Nebraska after her position in North Dakota was terminated, and she was currently employed in Omaha, Nebraska. She explained that it was necessary for her to continue her employment in Nebraska to support her minor child. The affidavit set forth the following facts to indicate her North Dakota residency: (1) she has a North Dakota driver's license; (2) she has never voted in Nebraska, and is not registered to vote in Nebraska; (3) she last voted in North Dakota; (4) her church membership remains in North Dakota; (5) she owns property in North Dakota; (6) her car is licensed in Nebraska only to avoid violating Nebraska law.

Mark's affidavit disclosed that Candace had accepted a permanent transfer of employment to Nebraska and that most of their household goods were moved to an apartment in Nebraska. Mark further attested that Candace had registered a vehicle with the State of Nebraska and paid state income tax by virtue of her employer withholding the tax.

Based on this evidence, the trial court denied Mark's pretrial motion to dismiss for lack of subject-matter jurisdiction, thereby implicitly finding Candace "resided" in North Dakota. During trial, there

was more testimony as to Candace's residency. Candace testified that she considers herself a resident of North Dakota for purposes of the divorce, that she owns a car located in North Dakota and licensed in North Dakota, and that since her employment in Nebraska in November 1986, she has returned to North Dakota on six different occasions. Candace also testified that she owns land located in North Dakota, and members of her family live in North Dakota. She further testified that she now has a Nebraska driver's license. Mark then renewed his motion to dismiss, which was again denied.

There is evidence to support the trial court's implicit finding that Candace intends to remain a resident of North Dakota. Although inconsistent acts can negate clear intent, *Dietz, supra,* the fact finder was justified in implicitly determining that Candace's intent as to residency was not negated by her employment in Nebraska, her Nebraska driver's license and her Nebraska vehicle registration. Candace was "called" to Nebraska "for labor." NDCC § 54–01–26(1). She offered evidence of her intent and her many connections with North Dakota. She regards North Dakota as her state of legal residence. A residence can only be changed by the union of act and intent, NDCC § 54–01–26(7). We hold that the trial court's implicit finding of North Dakota residency is not clearly erroneous. We conclude therefore that the trial court had subject-matter jurisdiction.

■ Mark next argues that the trial court abused its discretion in refusing to allow him to continue questioning Candace during trial about her residency. When the court inquired of Mark's counsel the reason for the persistent questioning on Candace's residency, he candidly explained that "my client does not want this divorce." The court determined that further questioning would be merely for purposes of delay, denied the renewed motion to dismiss, and prohibited further questioning on the issue of residency.

Rule 12(b)(1), NDRCivP, allows a pretrial motion to dismiss for lack of subject-matter jurisdiction. However, at trial, a trial court has considerable leeway in controlling the mode and order of presenting evidence in

order to effectively ascertain the truth and avoid needless consumption of time. Rule 611(a), NDREv. We review the extent of that leeway under the abuse of discretion standard. *See State v. Schimmel,* 409 N.W.2d 335, 340–42 (N.D.1987). *See also Schmidt v. Schmidt,* 432 N.W.2d 860, 863 (N.D.1988); *State v. Yagow,* 423 N.W.2d 498, 499–500 (N.D.1988). At trial, the trial court allowed some testimony as to Candace's residency. Based upon that testimony, the court determined that further questioning was a delay tactic and denied the motion. Under these circumstances, we do not believe the trial court abused its discretion.

█ Mark next argues that the property division was inequitable. The trial court determined that marital assets totalled $64,000 and marital debts totalled $87,000, leaving a negative value of $23,000. The trial court awarded each party the debts they separately incurred and the property they held in their possession. Although the record is far from clear, it appears that Mark overlooks in his accounting to us, a house that he sold to a friend for $1,000, with a value of $45,000 and a mortgage of $35,000. The court suggested Mark return the $1,000 to his friend and obtain the house.

NDCC § 14–05–24 requires a trial court to make equitable property distribution of the real and personal property of the parties. *Volk v. Volk,* 376 N.W.2d 16, 18 (N.D.1985). A determination of what constitutes an equitable distribution lies within the discretion of the trial court and will be dependent upon the facts and circumstances of each case. *Id.* We will not overturn the trial court's distribution of property unless it is clearly erroneous. *Id.;* Rule 52(a), NDRCivP. We are not persuaded the trial court's distribution of property is clearly erroneous.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., concur.